MODEN v. SUPERINTENDENTS OF THE POOR OF VAN BUREN COUNTY.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—LIMITATION OF ACTIONS—NOTICE.

The contention that a claim was barred by the statute of limitations cannot be permitted to prevail, on error, when the point was not made at the trial or brought to the notice of the trial court, though the plea of defendants contained a notice that the claim was barred by the statute, and the defendants moved for a new trial for that reason, where the appellants abandoned any claim in

the appellate court that the court improperly denied their motion.

2. PAUPERS—SUPERINTENDENTS OF POOR—COUNTIES—POOR LAW—CONTRACTS.

The superintendents of the poor of Van Buren county were authorized by law to contract for the care and maintenance of an aged pauper who was a proper county charge and resided in Van Buren county, by agreeing to pay his niece, who lived in Tuscola county, $1.25 per week for his support.

3. SAME—TRIAL—REQUESTS.

The trial court did not err in denying the requests of defendants for an instructed verdict on the ground that the contract was *ultra vires*, and under the findings of the jury in answer to special questions that the county contributed to the support of the pauper for a year or upwards before the contract was made; that the pauper lived in Van Buren county at such time and had lived there 2½ years or more after he sold his property in another county; that he had maintained himself for a year after he returned to Van Buren county and was not infirm or incompetent to earn his living when he returned, sustained a judgment for plaintiff on the agreement.

3. SAME—PAYMENT.

Defendants, who showed that they were entitled to a credit of a small amount on the judgment because of payments made to plaintiff, and that this credit was overlooked by the trial court in his charge, no error having been assigned for that reason, might nevertheless have the mistake corrected on error by an order requiring plaintiff to remit or submit to a new trial.

Error to Van Buren; Des Voignes, J. Submitted June 19, 1914. (Docket No. 49.) Decided December 18, 1914.

Assumpsit by Laura J. Moden against the Superintendents of the Poor of Van Buren county for care and support rendered to a pauper under a special contract. Judgment for plaintiff. Defendants bring error. Reduced and affirmed on condition.

*Grant Fellows,* Attorney General, *Earl L. Burhans,* Prosecuting Attorney, and *Lynn J. Lewis,* Assistant Prosecuting Attorney, for appellants.

*Thomas J. Cavanaugh,* for appellee.

McALVAY, C. J.   Plaintiff in this case brought suit against defendant board in an action of assumpsit for services claimed to have been rendered by her for the defendant under a contract entered into between the parties for the care, support, and maintenance of Samuel Cole, who was, at the time, a county charge. A trial had in the case resulted in a verdict and judgment in favor of plaintiff.  Defendant upon a writ of error has brought the case to this court for review.

The material facts in the case are that Samuel Cole purchased a farm in Van Buren county and became a resident therein as early as 1855.  In 1867 he sold this farm, and later, in 1875, purchased a farm in another township, in said county, where he resided until he sold it in 1883 and then removed to Oceana county, where he bought a farm and resided about seven years. He then returned to Van Buren county, where he remained continuously, making his home with his relatives until the time plaintiff, who was his niece, visited him later in the year 1904 and found him sick and without a home, living with her brother.  At and before the time the contract out of which this dispute arose was made Samuel Cole was and had been a public charge upon Van Buren county for about one year. He was old, infirm, sick, feeble in mind and body, and entirely unable to wait upon himself or earn a livelihood at the time plaintiff took charge of him.  She resided in Tuscola county, Mich., and during this visit to her brother in Van Buren county, in November, 1904, she later saw Charles Barber, then one of the superintendents of the poor of said county, relative to taking Mr. Cole to her home and caring for him.  She

did take him a few days afterwards, with the understanding that the matter would be considered by the board at its next meeting to be held December 27th, when a definite arrangement would be made. The term of Mr. Barber expired January 1st following. The result of her interview with Mr. Barber and of a letter written later by plaintiff was that the defendant board, through its secretary, sent her the following letter:

"PAW PAW, MICH., Jan. 26, 1905
"MRS. L. J. MODEN,
      "Gatestown, Michigan.
"*Dear Madam:*
      "Your letter received and noted. In reply will say that if you are willing to take care of the old man for $1.25 per week we will remit to you once in every three months, commencing at first of last January. If this is all satisfactory let us hear from you at once and oblige.
                         "M. D. BUSKIRK, Secretary."

Under that offer plaintiff kept Mr. Cole until his death on April 5, 1912, at the age of over 98 years. This suit was brought November 29, 1911, for services rendered to that date.

On January 31, 1905, the secretary of defendant board again wrote to plaintiff, as follows:

"Yours of recent date at hand. In reply will say that I cannot go back of the quarter ending December 31, 1904, but in the event of death I will stand $15.00 funeral expenses but no more.
      "Hoping this will be satisfactory, I am, respectfully,
                                   "M. D. BUSKIRK."

Under this agreement payments were made by defendant board according to its terms upon the presentation of bills to the county made out upon blanks furnished by the board, to the amount of $28.25. These facts, as to the agreement made with plaintiff and payments thereon at the rate claimed, are not disputed.

The dispute arose upon the claim of defendant board that at the time this agreement was made Samuel Cole was not a resident of Van Buren county, and therefore the county was not responsible for him. Later, after suit was brought, defendant, under the general issue, gave notice of two defenses, viz., *ultra vires,* and the statute of limitations.

The errors assigned and relied upon by appellant board are grouped as follows:

"*First.* That the court erred in holding that the contract was not barred by the statute of limitations.

"*Second.* That the contract was in direct contravention of section 4536, 2 Comp. Laws, and as such was *ultra vires* and void.

"*Third.* Errors committed by the court in charging and refusing to charge."

Relative to the question of whether Samuel Cole was a resident of Van Buren county within the definition of the terms of the statute that he had obtained a "settlement" there which would warrant his becoming a county charge but little consideration is given in defendant's brief, although upon the trial it appears to have been the principal disputed fact. Upon the trial special questions to the jury were allowed and submitted by both parties. These questions were answered, as follows:

"By plaintiff:

"(1) Did Van Buren county contribute towards the support of Samuel Cole for one year and upwards before the superintendents made the agreement with plaintiff to take him and care for him? Answer: Yes.

"(2) Was Samuel Cole living in Van Buren county at the time of the agreement? Answer: Yes.

"(3) Had Samuel Cole lived in Van Buren county for at least 2½ years after he sold his property in the north? Answer: Yes.

"Submitted by defendants:

"(1) Did Samuel Cole maintain himself for one

year after his entry into Oceana county in 1883? Answer: Yes.

"(2) On Samuel Cole's leaving Oceana county and returning into Van Buren county did he maintain himself for one year after he re-entered Van Buren county? Answer: Yes.

"(3) Was Samuel Cole old, sick, infirm, crippled, or otherwise incompetent to earn a livelihood at the time he entered Van Buren county on his return from Oceana county? Answer: No.

"Signed by all the jurors."

These special findings of fact by the jury are all against the contention of defendant board and dispose of the claim that under the law Samuel Cole was not entitled to public support as a county charge in Van Buren county.

*First.* The first contention in appellant's brief is that the court erred in holding that the contract was not barred by the statute of limitations. The record does not show that during the trial mention was at any time made on the part of the appellant that it relied upon the statute of limitations. No objection to the admission of testimony was made upon that ground. It was not included in the motion made at the close of plaintiff's case for a directed verdict, neither was it mentioned on a like motion made at the close of the case. It is not referred to in the requests to charge and does not appear in the record other than in the plea, until a motion was made for a new trial, where it appears as a reason for granting the same. In our opinion defendant waived its right to rely upon its plea of the statute of limitations. It does not appear from the record that the court had any knowledge that there was such a notice given with the plea. To hold that a trial court may be charged with having committed error upon a proposition that was not within his knowledge and not brought to his attention until after a verdict and judgment entered in a case tried

before him would be most unfair and unjust, particu-
larly when, as in the instant case, the appellant has
abandoned in its brief all reliance upon error assigned
for denying the motion for a new trial. For the rea-.
sons stated, our conclusion is that no error was com-,
mitted in that regard.

*Second.* The next contention is that the contract
was *ultra vires* and void because in contravention of,
section 4536, 2 Comp. Laws. This section provides:

"No person shall be removed as a pauper from any
city or township to any other city or township of the
same or any other county, nor from any county to any
other county, but every poor person shall be supported
in the township, city or county where he may be, as
follows:

"*First.* If he has gained a settlement in any town-
ship or city in such county, he shall be maintained by
such township or city;

"*Second.* If he has not gained a settlement in the
county in which he shall become poor, sick or infirm
he shall be supported by the superintendents of the
poor at the expense of the county;

"*Third.* If such person be in a county where the
distinction between township and county poor is abol-
ished, he shall in like manner be supported at the ex-
pense of the county," etc.

In the instant case it is not disputed that Samuel
Cole, if a public charge, was a proper person to be
cared for by the county of Van Buren. The section
invoked and relied upon by defendant is a subdivision
of the Michigan law which provides for "the support
of poor persons by the public," and this subdivision is
entitled, "Of the support of the poor of townships."
It has always been the policy of this State to support
and care for the unfortunate poor at public expense.
The statutes making such provision divide such public
charges into two classes, those to be maintained at the
charge of a county, and those to be maintained at the
charge of a township or city. Provision is also made

that all such persons may, by action of the proper officers, be made county charges. It is apparent from a careful reading of section 4536, *supra,* and other sections of the chapter providing for support of poor persons by the public, that the legislative intent was to require the expense of the support of a public charge to be borne by the township, city, or county where such poor person had obtained a "settlement" which would entitle him or her to such support and to prevent the shifting of that burden by a transfer of the poor persons from one township or county to another. But it is clear that the legislative intent was concerned in determining by which municipality expenses should be borne, rather than where the individual should be placed. In the instant case, under the facts as found by the jury, the provision of the statute is mandatory that Samuel Cole should be cared for, supported, and maintained at the charge of Van Buren county. It is undoubtedly the general intendment of this law which makes provision for these unfortunate people that they should usually be provided for as county charges in the county poorhouses. We find, however, no provision in this law as far as the county poor are concerned that a board of superintendents of poor, if in the exercise of its judgment it should be considered for the best interests of an individual under its charge to be cared for outside of a county poorhouse, within or without the limits of the county, is prohibited from so doing. For example, in the instant case Samuel Cole, of the age of 92 years, who from the evidence appears to have been infirm, sick, disabled, and enfeebled in body and mind and almost gone, so as to be unable to maintain himself, and also unable to attend to his physical needs, is put in the care and custody of plaintiff, who was his niece, by the defendant board to be kept and cared for by her in her home in Tuscola county for the small sum of $1.25 per week. Can it

be said that such action on the part of this board was *ultra vires* and in contravention of this statute? During these years from January 1, 1905, to November 29, 1911, she has been discharging a duty which the superintendents of the poor of Van Buren county were bound to discharge, and which in our opinion they could agree with her to discharge beyond the limits of Van Buren county. Our conclusion is this contract was not *ultra vires*.

*Third.* The errors claimed under this subdivision of appellant's brief relate to the charge of the court as given and in refusing to charge as requested. But three requests to charge were submitted on the part of appellants. The first of these requests was for an instructed verdict in favor of defendant. The second, that it was not incumbent upon defendant board to seek to impose a liability upon Oceana county under the facts; that plaintiff could have instituted such proceeding. The third was a repetition of the claim that the contract was *ultra vires* and therefore void. These requests under the law and the evidence shown in the record were properly refused. We have examined the portions of the charge of the court which are claimed to have been erroneous, and find that they are brief excerpts taken from this charge. A careful reading of the entire charge discloses that the court committed no error except in what we consider an oversight in that portion which treats of damages, which will be stated later in this opinion.

Errors assigned and relied upon relative to the refusal of the court to grant a new trial are not discussed, although barely referred to, in defendant's brief. We find no error in the denial of a new trial.

In appellant's supplemental brief the attention of this court is called for the first time to the fact that in the charge of the court to the jury relative to the amount of damages no credit was given defendant

board for $28.25, the amount of the payments made by it to plaintiff under this contract. During the trial there was no dispute by either party but that this amount had been paid by defendant, and twice in the charge of the court it is so stated and recognized. It is true that later in the charge the jury was instructed relative to the assessment of damages, as follows:

"And if you reach that question the plaintiff in this case would be entitled to recover at the rate of $1.25 per week from January 1, 1905, to November 29, 1911, together with interest," etc.

There is no doubt but that this was a clear oversight. The court should have added the words, "less the payments, made by defendant to plaintiff, of $28.25." This matter was not noticed by counsel for defendant, or called to the attention of the court. No error was assigned upon it. It is therefore clear that it was not discovered until after argument of the case in this court. However, this as a matter of justice should be corrected.

This is easily done by computing the interest on this amount of $28.25 at 5 per cent. from the 1st of January, 1906, to June 10, 1913, the date of the verdict and judgment, and deducting the amount and interest, being $38.88, from the amount of the verdict, which leaves the sum of $497.18, upon remitting which amount the judgment of the circuit court will be affirmed, with costs. Otherwise reversed, and a new trial ordered.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.