### VEZINA *v.* SHERMER.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL—SCOPE OF REVIEW.
   Where no request was made to the trial court to file its reasons for denying a motion for a new trial by defendant, and no reasons were filed by it, and no exception was taken to the denial of the motion, the propriety of denying the motion is not available on appeal.

2. DAMAGES—PERSONAL INJURIES—PLEADING—SUFFICIENCY.
   In a personal injury action, a declaration stating that by "means of the premises the said plaintiff was forced and obliged and did lay out and spend a large amount of money, to wit, $200, in and about endeavoring to be cured of said sickness, lameness, nervousness, and disorders occasioned as aforesaid," and that he will be forced to pay out further sums in the future, and that the disabilities were permanent in character, *held*, sufficient to support proof as to number of visits paid by plaintiff's doctor and the amount of his charges.

3. SAME—PERSONAL INJURIES—ABILITY TO WORK—EVIDENCE.
   The answer of plaintiff to the question as to how much time

he could work because of his injury, that he could work probably four days in the week, was not objectionable as being speculative, uncertain, remote, and a mere guess, where plaintiff was carefully examined both on direct and cross-examination as to his ability to labor.

4. EVIDENCE—AUTOMOBILES—COLLISIONS—OPINION OF WITNESS—CONCLUSIONS.

A question put to a witness, in an action by a bicycle rider against the driver of an automobile to recover damages for personal injuries, as to whether defendant appeared to have his car under control was not objectionable as calling for a conclusion.

5. SAME.

The exclusion of the answer of a witness to a question whether defendant had his automobile under control, on the ground that it called for a conclusion, was harmless error, where, in later examination, the witness stated that the car did not run more than six feet after the collision and that defendant put his foot on the brake and the clutch at the same time and stopped the car almost instantly.

6. TRIAL—STRIKING OUT TESTIMONY—OPINIONS.

In an action by a bicycle rider against the driver of an automobile for personal injuries sustained in a collision, the testimony of defendant's wife that she knew defendant was not looking back because he never did look back when driving was properly stricken out.

7. AUTOMOBILES—HIGHWAYS AND STREETS—CROSSING ACCIDENTS—COLLISIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action by a bicycle rider against the driver of an automobile to recover for personal injuries received in a collision near a street intersection occurring after plaintiff had crossed the intersecting street and defendant had turned on the latter street to go in the same direction as plaintiff, held, that the questions of negligence and contributory negligence were for the jury.[1]

---

[1]On liability of owner of automobile for collision with bicyclist, see note in 28 L. R. A. (N. S.) 944.

On rule of the road governing vehicles at intersection of streets and when turning across street, see note in 41 L. R. A. (N. S.) 346. On liability for collision between automobiles or an automobile and another vehicle at or near corner of street or highway, see note in L. R. A. 1916A, 745.

Error to Grand Traverse; Mayne, J. Submitted October 10, 1917. (Docket No. 81.) Decided December 27, 1917.

Case by Arthur F. Vezina against Philip Shermer for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*John J. Tweddle,* for appellant.

*Frank J. Powers,* for appellee.

On the evening of September 2, 1915, at about 7:30 p. m., plaintiff, a man 58 years of age, was riding a bicycle in an easterly direction on Front street near Division street, in the city of Traverse City. Front street runs east and west, and Division street north and south. Plaintiff had just passed the easterly line of Division street, being south of the center line of Front street when he collided with the automobile of the defendant. Defendant himself was driving the machine, and had been going north on Division street, but when he reached Front street he turned to the right to go east on Front street. The collision occurred about 20 feet east of the east line of Division street and south of the center of Front street.

It was the claim of the plaintiff that when he approached Division street, coming from the west, he saw defendant's automobile coming north about a quarter of a block away; that he proceeded across Division street at a slow and careful rate of speed, and when about 20 feet east of the east line of said street defendant's automobile overtook him, striking the hind wheel. It is undisputed that the automobile struck the bicycle, and that after the automobile stopped, within a few feet, both plaintiff and his bicycle were under the automobile. As a result of the accident plaintiff sustained a scalp wound, an injury to one of his hands, and two broken ribs.

It was the claim of the defendant, supported by the testimony of others, that driving north on Division street as he approached the corner of Front he had his car fully under control, and turned east on Front street at a very slow rate of speed; that jùst as he was turning into Front street plaintiff came from the north side of Front street in a southeasterly direction, directly in front of his automobile, too close to permit him to stop his machine in time to avoid a collision.

Under a careful charge the trial judge submitted the conflicting theories of the parties to the jury. At the end of the charge he said:

"Have I covered every point, gentlemen?

"*Mr. Tweddle* (counsel for defendant): Yes, sir; I think so.

"*Mr. Powers* (counsel for plaintiff): Yes, sir; but this bicycle, your honor, will it go with the jury to their jury room or not?"

The jury returned a verdict against the defendant in the sum of $912.83, upon which judgment was duly entered. A motion for a new trial was made based upon 15 several grounds, which motion was denied.

BROOKE, J. (*after stating the facts*). The first assignment of error is based upon the refusal of the court to grant defendant's motion for a new trial. No request was made to the trial court to file reasons for denying the motion, and no reasons were filed by the trial court. No exception was taken to the denial of the motion. We must hold that this question is not before us on this appeal. *Groat* v. *Railway,* 153 Mich. 165 (116 N. W. 1081); *Blakeslee & Co.* v. *Manufacturing Co.,* 153 Mich. 230 (117 N. W. 92); Act No. 314, chap. 18, § 63, Pub. Acts 1915 (3 Comp. Laws 1915, § 12635).

Defendant next argues his 2d, 5th, and 6th assignments, based upon the alleged erroneous admission of the testimony of the physician who attended plain-

tiff; the objection being that the declaration was insufficient to support proof under the rule that special damages must be specially alleged. The declaration recites:

"By means of the premises the said plaintiff was forced and obliged and did lay out and spend a large amount of money, to wit, $200, in and about endeavoring to be cured of said sickness, lameness, nervousness, and disorders occasioned as aforesaid, and this plaintiff will be forced to lay out large sums of money endeavoring to be cured of said sickness, lameness and disorders, occasioned as aforesaid, all of which disabilities are permanent in character."

We are of opinion that this averment in the declaration was sufficient to support proofs as to the number of visits paid by the doctor and the amount of his charges.

The 8th assignment is based upon the admission of the following testimony over objection:

"Now because of your injured condition, how much of the time can you work?

"*A.* Probably four days a week, four days out of six."

The objection urged is that the testimony is speculative, uncertain, remote, and a mere guess on the part of the witness. We think the objection untenable, particularly in view of the fact that plaintiff was examined carefully both upon direct and cross-examination as to his ability to labor.

Error is assigned upon the following, John Nerlinger, a witness for the defendant, being upon the stand:

"*Q.* Now, whether or not Mr. Shermer appeared to have his car under control?

"*Mr. Powers:* We object to that as a conclusion; let him tell what he did, and the jury will determine the other.

"*The Court:* Sustained.

"*Q.* Well, did he have his car under control?

"*Mr. Powers:* Of course, we make the same objection to the same question.

"*The Court:* Sustained.

"*Q.* How far did the car run after the bicycle and the car came together?

"*A.* Well, I should say not over six feet, but I could not be positive as to that.

"*Q.* What did Mr. Shermer do, if you know, to stop the car?

"*A.* Well, he put his foot on the brake and the clutch at the same time, and stopped the car almost instantly."

While we are of opinion that the court might very well have permitted the answer to the question, and that the answer would not necessarily have involved a conclusion by the witness, in view of the later examination of the witness, the exclusion of this answer is certainly not reversible error.

The 12th assignment of error is based upon the action of the court in striking out the answer of the defendant's wife to the following question:

"*Q.* Now, Mrs. Shermer, you wouldn't know whether or not he was looking back; now is that the truth of it?

"*A.* Well, I know he was not because he never does look back when he drives."

When this question and answer is read with the context, it plainly appears that the ruling of the court was proper.

The 13th, 14th, 15th and 16th assignments of error are based upon the refusal of the court to direct a verdict upon the ground that under the testimony plaintiff was clearly guilty of contributory negligence, as a matter of law. Replying to the arguments made in support of these assignments, it is only necessary to say that we have read this entire record with care, and are satisfied that the question of plaintiff's contributory negligence as well as the question of defend-

ant's negligence raised issues of fact properly determinable by the jury alone.

The 18th and 19th assignments of error are based upon alleged errors in the charge of the court. They are without merit.

The judgment is affirmed.

KÜHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.