### ROURKE *v.* ROCHE.

FALSE IMPRISONMENT — JUSTIFICATION NOT PLEADED—TRIAL—REQUESTED INSTRUCTION.

In an action for false imprisonment, where the defense was justification, the trial court properly rejected a requested instruction as to a defense of justification which had not been pleaded; plaintiff being entitled to notice of the specific reasons relied on justifying his arrest.

Error to Wayne; Shepherd (Frank), J., presiding. Submitted January 10, 1923. (Docket No. 91.) Decided March 22, 1923.

Case by Charles Rourke against Andrew Roche for false imprisonment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Walter Barlow* and *Paul T. Dwyer* (*Clarence E. Wilcox,* of counsel), for appellant.

*Archer F. Ritchie,* for appellee.

FELLOWS, J.   Plaintiff was arrested by defendant, a member of the police force of Detroit, without a warrant, as he was leaving the baseball grounds at the close of a game; he was taken to the police station and detained until released on bond; upon a hearing he was promptly discharged and brings this action for false imprisonment.   Defendant gave notice of justification, alleging that he arrested plaintiff for violating Act No. 355, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7780), in his presence by jostling and roughly crowding people unnecessarily.   He pleaded no other justification.   Upon the trial both parties gave their version of the circumstances surrounding the arrest.   Their testimony was in sharp conflict. Defendant, among other things, gave testimony tending to show that plaintiff attempted to steal his revolver from his pocket.   This was positively denied by plaintiff.   The trial court, in a charge which is not complained of, fairly submitted to the jury the case made by the pleadings, including the justification set up in defendant's notice.   He declined to give the following instruction:

"That a peace officer is justified in arrests made without warrant in cases of felony alike whether he acts on his own knowledge or upon sufficient information derived from others if it be shown that the person arrested was reasonably suspected of guilt.   He may so be justified also where a felony has been actually, or is being, or is about to be, committed and where, although not in fact committed, the officer has reasonable grounds for believing that one was about to be committed."

The refusal to give this instruction is the sole error assigned.   The trial judge was quite right in declining to submit to the jury a defense of justification which had not been pleaded.

In *White* v. *McQueen*, 96 Mich. 249, Mr. Justice GRANT, speaking for the court, said:

"The defense that the defendant had probable cause to believe that plaintiff had been guilty of a felony was inadmissible under the pleadings.    Notice of this defense should have been given.    Mr. Chitty says:

" 'Whoever assaults or imprisons another must justify himself by showing specially to the court that the act was lawful.    And a plea justifying an arrest of the plaintiff upon the ground that a felony had been committed, and that there was reasonable ground to suspect and accuse the plaintiff, must distinctly state the specific reasons for suspecting the plaintiff. These are positive rules of law in order to prevent surprise on the plaintiff at the trial by the defendant then assigning various reasons and causes of imprisoning the plaintiff of which he had no notice, and which consequently he could not be prepared to meet at the trial on the plea of not guilty, on fair and equal terms with respect to the evidence and proof of facts.' 1 Chit. Pl. 501; *Wade* v. *Chaffee*, 8 R. I. 224; *Boynton* v. *Tidwell*, 19 Tex. 118.

"It is manifestly of more importance to the plaintiff that he should be informed by the plea of the facts relied upon for his arrest without a warrant than when he is arrested upon a warrant, which he has the right to see and read when he is arrested."

The judgment will be affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.