MARSH v. ROGERS.

1. TRIAL—INSTRUCTIONS—NOT NECESSARY TO INSTRUCT THAT JURY MIGHT FIND VERDICT OF NO CAUSE OF ACTION.

   There is no merit in the claim that the court was in error in not instructing the jury that they might find a verdict of no cause of action, since a jury of ordinary sense would do that if the facts and law led to it.

2. COMPROMISE AND SETTLEMENT—STATEMENT FURNISHED BY ONE OF THE DEFENDANTS PROPER SUBJECT FOR CROSS-EXAMINATION.

   In an action for the balance due for gravel sold to defendants as copartners and used in the construction of a highway, a statement made by one of the copartners and

On admissibility of party's books in evidence in his own favor, see notes in 52 L. R. A. 546; 36 L. R. A. (N. S.) 899.

furnished to the plaintiff, *held*, under the circumstances, a proper subject for cross-examination, although unsuccessful efforts to compromise are not binding and do not afford competent evidence of admission of liability or amount thereof.

3. WITNESSES—EXPERT OPINION TESTIMONY—EVIDENCE—WEIGHT OF NONEXPERT TESTIMONY FOR JURY.

Testimony by two witnesses, who had had some experience estimating cubic yards of gravel from measurements, estimating from measurements the amount of gravel placed on the shoulders of the road outside the concrete, was properly allowed to go to the jury for what it was worth, over objection that it called for expert testimony; this not being expert opinion evidence.

4. TRIAL — INSTRUCTIONS — PRODUCTION OF BOOK NOT ADMISSIBLE NOT REVERSIBLE ERROR IN ABSENCE OF MOTION TO STRIKE ALL REFERENCE THERETO.

The production and offering as an exhibit of a book which later was shown to be not the one of original entry, in which plaintiff claimed to have kept tally of loads of gravel, and which later, when wanted on cross-examination, could not be found, *held*, not to constitute reversible error, in the absence of a motion to strike out all reference thereto.

5. APPEAL AND ERROR—CURING ERROR.

A mistake in stating plaintiff's claim in the beginning of the charge, *held*, amply corrected later, so that there could have been no misapprehension thereof by the jury.

6. TRIAL—INSTRUCTIONS—UNDISPUTED FACTS—APPEAL AND ERROR.

Defendant's contention that the court submitted undisputed facts to the jury as if they were in issue *held*, not sustained by the record.

7. APPEAL AND ERROR — SUBMISSION OF DEFENDANT'S THEORY OF CASE TO JURY.

In the absence of requests to charge the jury, defendants may not now complain that the trial judge failed to submit their theory of the case to the jury.

8. TRIAL—EVIDENCE—CLAIMED EXCLUSION OF EVIDENCE NOT SUSTAINED BY RECORD—APPEAL AND ERROR.

Defendant's claim that the trial judge excluded evidence of damages flowing from plaintiff's breach of the parol contract, *held*, not sustained by the record.

9. Appeal and Error—New Trial — In Absence of Exceptions
   Whether Verdict Against Great Weight of the Evidence Not
   Reviewable.

   In the absence of exceptions to the denial of defendants'
   motion for a new trial, the Supreme Court may not con-
   sider the question of whether the verdict is against the
   great weight of the evidence (3 Comp. Laws 1915, § 12635).

Error to Roscommon; Smith (Guy E.), J.   Sub-
mitted January 30, 1924.   (Docket No. 82.)   Decided
March 5, 1924.

Assumpsit by Norman M. Marsh against A. G.
Rogers and Lawrence C. Monroe, copartners as Rogers
& Monroe, for certain gravel sold to defendants.
Judgment for plaintiff.   Defendants bring error.   Af-
firmed.

*Dwight L. Wilson,* for appellants.

*William T. Yeo,* for appellee.

Wiest, J.   Plaintiff brought this suit to recover
pay for gravel sold and delivered to defendants.   De-
fendants contracted to build a stretch of concrete road
in Roscommon county and needed gravel.   Under plea
of the general issue defendants gave notice of pay-
ment, made confession of a small sum due and pleaded
tender thereof before suit, and alleged special agree-
ment and breach thereof by plaintiff to defendants'
damage, with claim of right of recoupment.   Plain-
tiff had verdict and judgment and defendants prosecute
review by writ of error.

There is no merit in the claim that the court was
in error in not instructing the jury they might find
a verdict of no cause of action.   No such request
was made.   Jurors must be credited with ordinary
sense, and it takes no more than that to grasp the right
to render such a verdict if the facts and law lead to
it.   Unsuccessful efforts to compromise bind no one

and do not afford competent evidence of admission of liability or amount thereof. But a statement made by one defendant and furnished the plaintiff under the following circumstances was a proper subject for cross-examination and did not fall within the rule relating to compromises. Defendant Monroe testified:

"I asked Mr. Marsh over to the hotel. We were in the writing room. I asked him if he had made out a statement and how much I owed him. He said he hadn't. I asked him if he had any idea. He didn't say much. He said he wanted a statement from me. So I sat down and figured it out. At Graham's engineer's estimate — Mr. Graham — the quantities. And the actual amount of what he hauled from the pit with the actual amount of what we hauled from the pit with the actual amount of crushed stone and I allowed fifty yards in there for my estimate for the settlement. I handed it to Mr. Marsh and he laughed a little and handed it back. Said there was no use of him accepting such an amount as that. Well, I said, let's set down and we will talk it over. He says there is no use in talking it over, let's let the lawyers fight it out. And in less than thirty minutes I had a summons served on me to appear in Roscommon at the next term of court."

To show the amount of gravel placed on the shoulders outside the concrete plaintiff called two witnesses, who had made measurements of such loose gravel, and asked them for their estimates thereof in cubic yards. Objection was made on the ground that it called for expert testimony and the witnesses were not qualified. One witness had formerly been a school teacher and the other was county commissioner of schools, and both had had some experience estimating cubic yards of gravel from measurements. This was not expert opinion evidence at all and the trial judge was right in letting the testimony go to the jury for what it was worth.

During the trial plaintiff produced a book in which he claimed to have kept tally of loads of gravel and

the book was offered as an exhibit.    Later it developed the book was not the one of original entry and its admission was objected to, and when the book was wanted on cross-examination it could not be found. In the absence of a motion to strike out all reference to the book we cannot hold there was reversible error.

The alleged errors in the charge of the court have been examined.    The mistake in stating plaintiff's claim in the beginning of the charge was amply corrected later and there could have been no misapprehension thereof by the jury.

It is alleged the court submitted undisputed facts to the jury as if they were in issue.    The undisputed facts were not placed before the jury as doubtful but included in a connected statement of what was involved.    If such facts were not disputed the charge did not render them questionable.

It is claimed the court failed to submit defendants' theory of the case to the jury.    No requests were presented and counsel let the case go to the jury on the charge as given without challenging the attention of the court to the matters now urged.    Then was the time to protect defendants' rights, and, we apprehend, counsel was there for that very purpose.    If the error now complained of was so apparent that the trial judge should at the time have noticed it without any request from defendants, then, certainly, counsel sitting by should have noticed it, and then and there called the same to the attention of the court.

The record hardly bears out the claim that the court excluded evidence of damages flowing from plaintiff's breach of the parol contract.    The record shows:

"*Mr. Wilson:* Well, we will pass the matter for the present, your honor.

"*Mr. Clink:* Oh, just affecting the amount of recoupment, and as far as we are concerned we don't care about that."

Defendants' motion for a new trial was denied. We find no exceptions to such denial and, therefore, we cannot consider the question of whether the verdict is against the great weight of evidence (3 Comp. Laws 1915, § 12635).    *Mahder* v. *Wax*, 192 Mich. 479; *Vezina* v. *Shermer*, 198 Mich. 757.

We find no reversible error and the judgment is affirmed, with costs against defendants.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.    McDONALD, J., did not sit.