## TISHHOUSE *v.* SCHOENBERG.

1. APPEAL AND ERROR — WHETHER VERDICT SHOULD HAVE BEEN DIRECTED NOT REVIEWABLE WHERE NOT REQUESTED IN TRIAL COURT.

> Where defendant's counsel treated the case in the trial court as one for the jury, and preferred requests on that theory, they may not complain in the Supreme Court that the trial judge should have charged the jury that no case had been made against the defendant.[1]

2. NEW TRIAL—FAILURE TO DIRECT VERDICT MAY NOT BE RAISED FOR FIRST TIME ON MOTION FOR NEW TRIAL.

> The failure of the trial judge to direct a verdict for defendant on the ground that no case had been made against him may not be raised for the first time on a motion for a new trial.[2]

3. APPEAL AND ERROR—ORDER DENYING NEW TRIAL MUST BE EXCEPTED TO.

> Under 3 Comp. Laws 1915, § 12635, an order denying a motion for a new trial is not reviewable where no exception was taken thereto.[3]

Error to Muskegon; Vanderwerp (John), J. Submitted January 27, 1926. (Docket No. 169.) Decided March 20, 1926.

Case by Russell Tishhouse against Charles Schoenberg for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Macdonald & Macdonald,* for appellant.

*Carpenter & Jackson,* for appellee.

FELLOWS, J. Plaintiff brought this action to recover for damages occasioned him by reason of the alleged negligence of the defendant, and recovered a

---

[1] Appeal and Error, 3 C. J. § 641; [2] Id., 3 C. J. § 638; [3] Id., 3 C. J. 865.

substantial judgment. There are no assignments of error on the admission or rejection of testimony. No motion was made for a directed verdict nor was any such request preferred. The case was tried by both parties as a jury case with disputed questions of fact, and defendant preferred two requests on that theory, both of which were given in substance. After verdict defendant filed a motion for a new trial, for the first time claiming that negligence of defendant was not established. He also insisted the verdict was excessive. These are the questions here sought to be reviewed.

If defendant's counsel conceived that no case had been made against defendant at the close of the proofs, it was their duty to request the court to so charge. Not having preferred any such request or made such a motion, but on the contrary having treated the case as one for the jury and preferred requests on that theory, they can not now complain in this court that the trial judge should have so charged. *Kinney* v. *Folkerts,* 84 Mich. 616; *Fowles* v. *Rupert,* 143 Mich. 246; *Little* v. *Williams,* 107 Mich. 652; *Moden* v. *Sup'ts of Poor of Van Buren Co.,* 183 Mich. 120; *Stuart* v. *Holt,* 166 Mich. 549; *Minds* v. *Keyes,* 189 Mich. 629; *McCormick* v. *Hawkins,* 169 Mich. 641. Nor can they raise the question for the first time on a motion for a new trial. *Colwell* v. *Alpena Power Co.,* 178 Mich. 183; *Moore* v. *Royal Oak Lumber & Supply Co.,* 171 Mich. 400; *Mahiat* v. *Codde,* 106 Mich. 387; *Ward* v. *Carey,* 200 Mich. 217.

There is an insuperable objection to reviewing the denial of the motion for a new trial. No exception was taken to his order overruling the motion. Under these circumstances, the question is not before us. Section 12635, 3 Comp. Laws 1915; *Vezina* v. *Shermer,* 198 Mich. 757; *Marsh* v. *Rogers,* 226 Mich. 290; *Mahder* v. *Wax,* 192 Mich. 479; *Bennett* v. *Denton,* 194

Mich. 610; *Hotchkiss* v. *Weinmann-Matthews Co.*, 175 Mich. 652; *Boland* v. *Telephone Co.*, 161 Mich. 315; *Groat* v. *Railway*, 153 Mich. 165.

Upon this record we are powerless to do otherwise than affirm the judgment.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.