ANDREWS v. MURPHY.

1. EVIDENCE—TESTIMONY OF WITNESS ON FORMER TRIAL.
     The trial judge did not err in declining to receive the testimony of defendant given on a former trial, where there was no showing or offer to show that he was unable to attend court, and it is unimportant whether a good reason or a bad one for so holding was given.[1]

2. APPEAL AND ERROR—SUPREME COURT MAY ONLY REVERSE FOR ERRORS ASSIGNED.
     Under Circuit Court Rule No. 66, § 5, the Supreme Court, sitting on the law side as an appellate court, may only reverse for errors assigned.[2]

3. SAME—ASSIGNMENTS—OVERRULING MOTION FOR NEW TRIAL.
     Where no exceptions were taken or filed to the overruling

[1]Evidence, 22 C. J. § 517; [2]Appeal and Error, 3 C. J. § 1462.

of a motion for a new trial, the Supreme Court may not treat assignments of error on the overruling of the motion as assignments of error covering each ground set up in the motion.[3]

4. TRIAL—REQUESTED INSTRUCTION COVERED BY CHARGE GIVEN.
In an action by a stock salesman for commissions on the sale of stock, where two witnesses had testified that misrepresentations had been made by plaintiff in procuring their orders, an instruction that if the claims of these witnesses were true plaintiff could not recover sufficiently covered a requested instruction that if plaintiff procured any of said orders by fraud or trickery he was not entitled to recover.[4]

Error to Wayne; Dunham (Major L.), J., presiding. Submitted April 20, 1926. (Docket No. 128.) Decided June 7, 1926.

Assumpsit by John J. Andrews against Charles R. Murphy, doing business as Charles R. Murphy & Company, for commissions on the sale of corporate stock. Judgment for plaintiff. Defendant brings error. Affirmed.

*Condon & Condon,* for appellant.

*David Hubar* (*Samuel Shimans,* of counsel), for appellee.

FELLOWS, J. Plaintiff brought this action to recover for commissions claimed to have been earned by him as a stock salesman for defendant. He recovered judgment. The case had been tried before and the jury had disagreed. Upon the present trial defendant's counsel offered the testimony of defendant given on the first trial, but made no showing, neither did he offer to make a showing, that his client was so ill as to be unable to attend court. We need not consider what showing must be made when the absent witness

_____
[3]Appeal and Error, 3 C. J. § 865; [4]Trial, 38 Cyc. p. 1711.

is a party, nor need we consider at length our cases dealing with particular showings; they were reviewed at some length by Mr. Justice BROOKE in *People* v. *Droste*, 160 Mich. 66.    Here the offer of the testimony was unaccompanied by any showing or offer to make a showing.    In 22 C. J. p. 431 it is said:

"It is universally agreed that the party seeking to use the former testimony must show that it is impossible for him to procure the attendance and testimony of the witness, and numerous authorities go even further and require a showing that it has been made to secure the deposition of the witness for use on the trial.    The proof in this respect should be full and convincing, but the sufficiency of such proof is largely within the discretion of the trial court, which will not be interfered with unless an abuse of discretion is shown.    The court should find the facts in regard to the reason alleged for inability to produce the witness or take his deposition, and if it is decided that the proper conditions for admitting former evidence exist, a party may insist upon its admission as a matter of right."

And this court, in *Krouse* v. *Railway*, 170 Mich. 438, speaking through Mr. Justice STEERE, said:

"The proof of inability to find a witness should be full and convincing, and the sufficiency of such proof is largely in the discretion of the trial court, which will not be revised in the absence of evidence of gross abuse of such discretion."

The trial judge did not err in declining to receive the testimony, and it is unimportant whether he gave a good reason or a bad one for so holding.

Defendant's counsel in their brief have exhaustively discussed the question of burden of proof.    They preferred a request that the burden of proof was on the plaintiff.    This was given in substance, but upon one phase of the case the court charged that the burden was upon defendant.    There is no assignment of error on this or any other portion of the charge, nor is

error assigned on the refusal to give the precise request. This court, sitting on the law side as an appellate court, can only reverse for errors assigned. Circuit Court Rule No. 66, § 5. This question was not called to the attention of the court in the motion for a new trial, although some other questions were. But we cannot, by the circuitous route of treating the assignments of error on the overruling of the motion for a new trial as assignments of error covering each ground set up in the motion, bring these questions before us in the instant case if we ordinarily might do so, as no exception was taken or filed to the overruling of such motion. See *Tishhouse* v. *Schoenberg,* 234 Mich. 271, and authorities there cited. Several other matters discussed in the brief but upon which error is not assigned are covered by what we have said.

Defendant's sixth request was as follows:

"I further charge you that if the plaintiff procured any of said orders by fraud or trickery, he is not entitled to recover any commission on such orders."

There were two sales of stock, one to Mr. Van Schaemelhout and the other to Mr. Stephenson, in which they claimed and testified that some misrepresentations had been made by plaintiff in procuring their order. Instead of giving the language of this request, the trial judge instructed the jury that if the claims of these men were true, as testified to by them, plaintiff could not recover his claimed commissions on such sales. This sufficiently covered the subject of this request.

Upon this record we are unable to find any reason embodied in an assignment of error which would justify us in reversing the case.

The judgment must, therefore, be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.