GEGLIO *v.* HUIZENGA.

1. TRIAL—INSTRUCTIONS—ISSUES PRESENTED IN OPENING STATEMENT.

> While it is duty of trial judge to instruct jury as to law of case, he may limit his instructions to issues presented by counsel during trial, in absence of requests to charge (3 Comp. Laws 1929, §§ 14309, 14310).

As to excessiveness of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1915F, 30, 188; 46 A. L. R. 1230.

2. MOTOR  VEHICLES—NEGLIGENCE—TRIAL—INSTRUCTIONS—ISSUES
PRESENTED.

> Where, in action for injuries caused by automobile collision,
> counsel for both parties, in opening statement, stated issue to
> be whether collision occurred on north or south side of pave-
> ment, instruction that sole question for jury to determine was
> where cars were when accident happened, *held,* justified, in
> absence of requests to charge.

3. DAMAGES—EXCESSIVE VERDICT.

> Verdict of $3,000 for injuries to married woman caused by auto-
> mobile collision, *held,* not excessive, in view of her testimony
> as to her suffering and present condition and doctor's testi-
> mony as to nature and extent of injuries.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted November 1, 1932. (Docket No. 136, Cal-
endar No. 36,776.) Decided January 3, 1933.

Case by Gertrude Geglio against Marvin Huizenga
and another for personal injuries received in an
automobile collision alleged to be due to defendants'
negligence. Verdict and judgment for plaintiff.
Defendants appeal. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Louis H. Osterhous,* for defendants.

SHARPE, J. In the afternoon of April 5, 1931,
plaintiff and her husband and James McManaman
were riding in a Ford automobile, driven by the hus-
band, in an easterly direction on a concrete highway
18 feet in width, known as U. S. 16. When approach-
ing a curve therein, they met an Oldsmobile sedan,
driven by the defendant Marvin Huizenga, but
owned by his father, the defendant Richard Huiz-
enga, in which the wife of Richard and their young
daughter were also riding. A collision occurred,

in which the left front wheel of the Ford car struck the left rear fender and bumper of the Oldsmobile. The force of the impact threw the Ford car out of control, and it ran across the highway and collided, head on, with a car driven by Enno D. Winter, which was following defendants' car. In this collision plaintiff was seriously injured. She brought this action to recover the damages incident thereto, and had verdict and judgment for $3,000. Defendants have appealed therefrom.

In the opening statement of plaintiff's counsel he said to the jury:

"The question to be decided in this case is this: Was the defendants' car on the south side of the center line of the road when the collision took place?"

In that of defendants' counsel, made after plaintiff's counsel had rested his case, he said:

"As Mr. Shivel said to you in opening the case this morning, there is really one question of fact in the case, and that is whether or not the defendants' car was driving on the wrong side of the road at the time it collided with the car driven by the plaintiff's husband. * * * The real question, in fact the only question, is where and how did this collision between these two cars occur."

The errors assigned, except one hereafter referred to, are all based upon the instructions of the court to the jury. After stating that plaintiff must establish by a preponderance of the evidence that the collision was due to the defendants' negligence, and without the negligence of plaintiff's husband contributing thereto, he said:

"It would look like the sole question here for you to determine is—where were these cars when the

accident happened? If it happened on the south side of the road, then the defendants are liable in this case. If it happened over on the north side of the road, then they are not liable in this case. If it occurred without anybody being to blame for it, then it is an unavoidable accident, and nobody is liable. Your verdict must be based on the evidence given you here in open court, and the law as I give it to you.''

Statements of similar import were made in other portions of the charge. Counsel here insist that, coupled with these instructions, the question as to whether plaintiff's husband, after the collision with defendants' car, was guilty of negligence in not avoiding the collision with Winter's car, and whether his negligence in this respect was not the proximate cause of plaintiff's injury, should also have been submitted.

The court also instructed the jury:

''Now, if you find in this case that the plaintiff's driver, Mr. Geglio, was not guilty of any negligence, if you find he was free from any negligence that contributed in any way to bring about this accident, and that this accident was caused solely by the negligence of the driver of the Huizenga car, the real cause of the accident was his failure to be as careful as he should have been under the circumstances, as the ordinarily careful person would have been under the circumstances, then your verdict will be for the plaintiff.''

No requests to charge were submitted by defendants' counsel, as might have been done (3 Comp. Laws 1929, § 14310). While it is the duty of the court to instruct the jury ''as to the law of the case'' (section 14309), he may surely limit his instructions to the issues presented by counsel during the trial.

The opening statement of defendants' counsel above quoted clearly justified the instructions as given. In disposing of the motion for a new trial, the court said:

"Attorneys have conceded on both sides that if the accident happened on the north side of the road the defendants were not liable in this case; if it happened on the south side, they were; and that is the question that was submitted to the jury, and the jury found that it happened over on the south side of the road and defendants were liable. So as to the question of liability, why, I think that was purely a question for the jury."

It may not, however, be improper to add that a reading of the record does not disclose any negligence on the part of plaintiff's husband after the collision with defendants' car, as it quite clearly appears that his car was then out of control. Mr. Winter testified:

"I did not see these two cars come together. The next thing I must have looked away for a second. When I looked back again I saw this Ford apparently out of control and just a second or so and we came together. It was coming from the west. As well as I remember it just zigzagged once and crashed right into me."

The testimony was conflicting as to the cause of the accident, but it cannot be said that the verdict is against the great weight of the evidence.

It is insisted that the verdict is excessive. Plaintiff was badly injured. Dr. Reed, who attended her, testified:

"When I first saw her she was in profound shock, and had a badly smashed left forearm, both bones

being broken, and the bones comminuted, that is, broken into several small fragments; there was an open wound in the arm comminuting with the fractured bones; she had a number of contusions and abrasions about the head and face, arms and legs, scattered all over her body were a number of smaller wounds. * * * She was there seven days at St. Mary's hospital. When she left the hospital her arm was in a plaster cast, and her wounds were not entirely healed, they had dressings on them, I remember one of her legs, I had forgotten one leg, which was injured, had some pussy discharge, and she was in a rather despondent condition. From that time I saw her frequently at first, and I have seen her recently.''

No other medical testimony was submitted. In view of her statements as to her suffering and present condition and the testimony of the doctor, we are unwilling to disturb the judgment for this reason.

Other questions discussed do not seem to merit consideration.

The judgment is affirmed.

McDᴏɴᴀʟᴅ, C. J., and Cʟᴀʀᴋ, Pᴏᴛᴛᴇʀ, Nᴏʀᴛʜ, Fᴇᴀᴅ, Wɪᴇsᴛ, and Bᴜᴛᴢᴇʟ, JJ., concurred.