SUSICH v. MICHIGAN CONSOLIDATED GAS CO.

1. ABATEMENT AND REVIVAL—COMMON-LAW ACTION FOR NEGLIGENT INJURIES TO PERSON—SURVIVAL ACT.

The right to sue for negligent injuries to one's person existed at common law and it is the purpose of the survival act to prevent the lapse of such right at the death of the injured party (3 Comp. Laws 1929, § 14040 et seq.).

2. EVIDENCE—JUDICIAL NOTICE—STATUTES.

Judicial notice is taken by courts of statute providing for survival of common-law right of action for negligent injuries to the person (3 Comp. Laws 1929, § 14040 et seq.).

3. DEATH—DECLARATION—SURVIVAL ACT.

In tort action by administrator to recover damages for pain and suffering resulting from fire in deceased's home in which it was alleged that such pain and suffering did not result from any negligence or contributory negligence on the part of plaintiff, a cause of action was alleged under the survival act notwithstanding declaration failed to mention the act particularly (3 Comp. Laws 1929, § 14040 et seq.).

4. TRIAL—INSTRUCTIONS—EVIDENCE.

The charge of a court to the jury must be based upon the evidence and should be confined to the issues presented by the evidence.

5. APPEAL AND ERROR—FAILURE TO INSTRUCT—REQUESTS TO CHARGE.

In tort action by administrator to recover damages for pain and suffering resulting from fire in deceased's home, where no specific mention was made of either the survival or death acts in the declaration, theory upon which case was tried was that cause of action was planted under the survival act, an instruction to the jury upon pain and suffering was given substantially as requested by defendant and there was no controversy involving the two statutes, issues of negligence and contributory negligence are now withdrawn from case and no request to instruct jury on either of the two statutes was made by defendant, trial court's instruction that plaintiff was entitled

to recover proper compensation for pain and suffering only and omitting more complete reference to either of the statutes was not error (3 Comp. Laws 1929, § 14040 *et seq.*, § 14061 *et seq.*).

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 9, 1940. (Docket No. 137, Calendar No. 40,921.) Decided March 15, 1940.

Case by John Susich, administrator of the estate of Nicholas Susich, deceased, against Michigan Consolidated Gas Company, a Michigan corporation, for damages for fatal injuries to plaintiff's decedent sustained in a fire. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Kenneth M. Stevens,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant.

SHARPE, J. This is an action in tort brought by the plaintiff as administrator of the estate of Nicholas Susich, deceased, to recover damages for pain and suffering resulting from injuries received in a fire which occurred on Christmas night, 1937, in the deceased's home. The material facts are not in dispute. The fire was discovered about midnight a few hours after deceased had retired. The fireman and police found the deceased overcome and removed him to the fresh air. At that time he was still alive. His eyes were open and he was bleeding at the mouth. After artificial respiration was attempted he was taken to a hospital, but died on the way.

The declaration filed by plaintiff makes no mention of either the wrongful death act (3 Comp. Laws 1929, § 14061 *et seq.* [Stat. Ann. § 27.711 *et seq.*]), or the survival act (3 Comp. Laws 1929, § 14040 *et seq.* [Stat. Ann. § 27.684 *et seq.*]) although the decla-

ration does state, ''the horrible pain and suffering suffered by deceased, Nicholas Susich, did not result from any negligence or contributory negligence upon the part of any of the plaintiffs.''

When the cause came on for trial, the defendant company asked the trial judge to give the following instruction:

''The only injuries for which the plaintiff asks damages in this case are for the pain and suffering of the deceased prior to his death. Under these circumstances if you are of the opinion that the plaintiff is entitled to recover anything at all, such recovery must be limited to what you consider proper compensation for such pain and suffering.''

And the trial judge gave the following instruction:

''And if you find * * * in favor of the plaintiff by a preponderance of the proof, it is your duty to find for the plaintiff here in such a sum as would reasonably compensate the deceased for the pain and suffering he endured as the result of this fire.''

In his charge to the jury the court made no mention of either the death act or the survival act and gave the jury no instructions as to what facts must be established by the evidence to constitute a cause of action under either of these statutes, nor did the defendant ask the court to give any such instructions. The jury returned a verdict in favor of plaintiff. The defendant company admit that Nicholas Susich's death was the proximate result of negligence on the part of defendant company and was not the proximate result of any contributory negligence on the part of deceased.

Defendant company appeals and contends that where plaintiff sues and the right asserted is dependent upon a statute, that statute must be pleaded, or at least referred to, in the declaration in order that the court and the defendant may be properly advised

as to the nature of the plaintiff's alleged cause of action; that it was the duty of the trial court to instruct the jury as to the elements necessary to constitute a cause of action under each of the two statutes involved; and that the failure so to instruct is not excused by the failure of defendant company to request the court to give such an instruction.

It is undisputed that had Nicholas Susich lived he could have brought suit in his own right. The source of plaintiff's right to sue existed at common law. The purpose of the enactment of the survival act was to prevent this right of action from lapsing at the death of the injured party. In such cases the courts take judicial notice of such statutes.

In *Anderson* v. *Matt*, 223 Mich. 534, we said:

"While plaintiff's declaration did not by number or name make reference to the statute regarding the limit of speed within which automobiles may be driven, its allegations made plain that wantonly exceeding the statutory speed limit was a ground of negligence relied upon. A formal reference to the statute would not make that claim clearer and is not required where the declaration contains the averments necessary to bring the case within the statute, of which courts are required to take judicial notice. *Hayes* v. *West Bay City*, 91 Mich. 418. *Vide*, also, *Fuller* v. *City of Jackson*, 82 Mich. 480; *Sweeney* v. *Lustfield*, 116 Mich. 696. Confirmatory of the views expressed in preceding decisions the judicature act provides (3 Comp. Laws 1915, § 12454 [3 Comp. Laws 1929, § 14118 (Stat. Ann. § 27.812)]) that 'no declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend.'"

In *Ritter* v. *Terman*, 285 Mich. 128, we said:

"In this State what constitutes a sufficient allegation in such a declaration is covered both by statute and court rule.

" 'No declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend.' 3 Comp. Laws 1929, § 14118 (Stat. Ann. § 27.812).

" 'The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend.' Court Rule No. 19, § 1 (1933).''

See, also, *Rutan* v. *Straehly*, 289 Mich. 341.

In our opinion the declaration stated a cause of action under the survival act and under the authority above cited it was not necessary to mention the act particularly.

It is next contended that the trial court was in error in omitting from his instructions any reference to the two statutes. The record shows that this case was tried upon the theory that plaintiff's cause of action was planted under the survival act. Defendant's counsel asked the court for an instruction upon *pain and suffering* and the trial court gave this instruction in substance. The testimony produced upon the trial negatives the theory of instantaneous death and there was no controversy involving the two statutes. The charge of the court must be based upon the evidence (see *Union Trust Co.* v. *Parker*, 251 Mich. 630) and should be confined to the issues presented by the evidence.

In *Geglio* v. *Huizenga*, 261 Mich. 512, we said:

"No requests to charge were submitted by defendants' counsel, as might have been done (3 Comp. Laws 1929, § 14310). While it is the duty of the court to instruct the jury 'as to the law of the case' (section 14309), he may surely limit his instructions to the issues presented by counsel during the trial.''

See, also, *Rourke* v. *Roche*, 222 Mich. 293; *Marsh* v. *Rogers*, 226 Mich. 290.

In the present case no issue was made on the trial as to whether the case fell within the survival act or the death act. The issue as mentioned in defendant's motion for a directed verdict concerned only the negligence of defendant company and the contributory negligence of plaintiff's decedent. These issues now having been withdrawn and the defense having failed to ask for any instructions concerning the survival or death acts it may not now complain that the trial court failed to give more complete instructions upon the survival act or any instructions upon the death act.

We find no error and the judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.