PATTERSON *v.* GORE.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—EXPERT
   TESTIMONY.

  The objection that evidence was incompetent and imma-
    terial did not raise the point for review on error that the
    witness was not qualified to give testimony upon the ques-
    tion of value of a horse; and where plaintiff bought a
    horse of defendant which failed to conform to defendant's
    warranty and received another horse on returning the
    first, and it was shown that the second horse failed to
    conform to the guaranty made by defendant, testimony
    to show the value of the second horse, which plaintiff also
    returned, was not incompetent or immaterial, within such
    objection.

2. TRIAL—RULING OF COURT—APPEAL AND ERROR.

  The action of the trial court in stating what plaintiff
    claimed, was not erroneous or reversible in the absence of
    an exception.

3. APPEAL AND ERROR—ARGUMENT.

  Improper or prejudicial argument of plaintiff's counsel
    cannot be reviewed unless the record shows that appel-
    lant called the matter to the attention of the trial court
    by objection or request to give instructions.

4. AMENDMENT—PLEADING—DAMAGES—DECLARATION.

  It was within the discretion of the court, on appeal from
    justice's court, to permit plaintiff to amend his declara-
    tion so as to permit the recovery of the profit he would
    have made on the purchase of the horse if it had been as
    represented, the parties having tried the case on that
    theory and testimony being admitted without objection
    to show the value of a horse that would correspond with
    the representations.

5. DAMAGES—BREACH OF WARRANTY—SALES—FRAUD.

  In an action for breach of warranty of a horse which plain-
    tiff returned on discovering its true condition, his meas-
    ure of damages was rightly held to be the value of such

a horse as defendant represented the animal to be, defendant refusing to refund the price.[1]

6. APPEAL AND ERROR—EXCEPTIONS TO CHARGE.

Without taking exceptions to the charge of the court, plaintiff was entitled to assign error on the charge to the jury pursuant to Act No. 52, Pub. Acts 1901, 3 Comp. Laws, § 10247 (5 How. Stat. [2d Ed.] § 12960).

Error to Grand Traverse; Mayne, J. Submitted October 10, 1913. (Docket No. 19.) Decided November 3, 1913.

Assumpsit in justice's court by John Patterson against Chester Gore for breach of warranty. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*John W. Patchin,* for appellant.

*M. G. Paul,* for appellee.

STONE, J. This case originated in justice's court. The return of the justice upon appeal shows that the declaration and bill of particulars were in writing, in a plea of trespass on the case upon promises, to plaintiff's damage $150. The plea was the general issue. No written declaration or bill of particulars was returned to the circuit court. In the circuit court the trial proceeded upon the merits of the case without any question being raised upon the condition of the pleadings until near the close of the trial.

In his opening statement to the jury, plaintiff's counsel claimed that in June, 1911, plaintiff purchased a horse of the defendant for $75, and that defendant represented the horse to be sound in every respect except that it was blind; that plaintiff, relying upon the representation, paid for the horse, but it proved to

---

[1] As to what amounts to a breach of warranty of soundness of a horse, see note in 32 L. R. A. (N. S.) 182.

be unsound, wind broken, and worthless; that plaintiff, discovering these facts, returned the horse to the defendant who accepted it and turned over to the plaintiff another horse to be tried, which second horse defendant also represented to be free from blemishes and sound in every respect except that it was cockankled; that plaintiff took this second horse and gave it a trial, but it proved unsound and was returned to defendant and accepted by him; that, after some parleying between the parties, the plaintiff demanded his money back, the claim of the plaintiff being stated by his counsel as follows:

"Mr. Patterson demanded his money back with the price of the feed and keep of this worthless horse, the difference between the horse he delivered to him and the kind of a horse he ought to have had. Mr. Gore utterly refused to Mr. Patterson any satisfaction in any shape or manner, so Mr. Patterson brought this action for breach of warranty, and for fraud practiced upon him, and for the $75, for the difference between the horse that Mr. Gore sold him if he had been such a horse as he represented him to be."

The testimony of the plaintiff tended to support his claim, and he testified, both upon his direct and cross-examination, that if the blind horse had been sound as represented by defendant it would have been worth $125, but that it was worthless.

There was upon the trial a sharp conflict between the parties as to the terms of the bargain and as to what was done by the parties; the defendant denying the warranty of the first horse and claiming that the second horse was received in settlement of the whole matter and that the second horse had never been returned to him. This evidence was all submitted to the jury under a lengthy and proper charge.

Upon the trial one Isaac Stanton was examined on behalf of the plaintiff and, while testifying with refer-

177 MICH.—38.

ence to the second horse, was asked the following question by plaintiff's counsel:

"Q. What, in your judgment, would a horse of that size and description, age, color, weight and condition, afflicted as this horse was, be worth at that time, and the price of horses being as they were at that time?"

This question was objected to by defendant's counsel as incompetent and immaterial. The court overruled the objection. The defendant's counsel added:

"Defendant excepts for the reason that it was not at the time that the horse was delivered to this man but it was two or three days later, and, under the circumstances which he has related as he found him there, it would not be competent in this inquiry for him to put a value upon the horse at that time."

After the close of the plaintiff's testimony, and after the opening statement of the defendant, the court asked counsel a question as to the measure of damages in the case, and, after some colloquy between the court and counsel, defendant's attorney said:

"What do I understand, then, that their position is? "The Court: It is that they are entitled to recover the difference between what the blind horse was actually worth at that time and place in that market and what he would have been worth had he been only blind; that is the plaintiff's position."

There was no exception to this remark of the court.

In his argument to the jury plaintiff's counsel, in referring to a witness for the defendant, by the name of Chavaneau, said:

"I say to you, gentlemen of the jury, that Mr. Chavaneau was more or less intoxicated that day. He had been drinking that day and was more or less intoxicated."

Whereupon defendant's counsel said:

"Note an exception to that; there is no evidence of it whatever."

There is some confusion in the record as to the order in which the following proceedings were had.

It is apparent that the trial court discovered that there was no written declaration on file in the case; the court saying:

"There is no declaration in the case, simply the justice recites that a declaration in writing was presented and a plea in an action of trespass on the case upon promises.

"*Defendant's Counsel:* I would have no objection to his putting that declaration in if he says it is a copy of the one filed in justice's court. I didn't try the case below; Mr. Patchin did; and I looked over the files before coming in here, and there was no declaration filed."

The record discloses that, on the trial, there was filed the draft of a declaration containing the common counts in assumpsit, with blanks unfilled, and containing the following special count:

"And whereas heretofore, to wit, on or about the ———— day of ————, A. D. 1911, at the township aforesaid, in consideration the plaintiff, at the special instance of defendant, would buy of him (said defendant) a certain horse, at and for the sum of $75, he (the said defendant) undertook and then and there faithfully promised plaintiff that the said horse was sound and all right except both eyes were blind, and that, if said representations so made as aforesaid or any of them should prove untrue, he (the said defendant) would upon the return to him (the said defendant) of said horse provide the said plaintiff with another horse that was sound and all right in every way.

"And the said plaintiff says that, relying on said representation on or about the date last aforementioned, plaintiff did buy said horse and did pay to defendant the said sum of $75 for said horse, and that defendant, disregarding his promises and undertakings aforesaid and contriving to injure and defraud said plaintiff, deceived said plaintiff in this: That said horse was not sound and was wind broken at the time of making of said promise by defendant as aforesaid—whereupon plaintiff returned said horse to said defendant, and said defendant took and received back

the said horse, and plaintiff says that afterward defendant delivered plaintiff another horse in lieu of said first-mentioned horse so returned to him, and, defendant again disregarding his said promises and undertakings, said last-mentioned horse was not sound and was unable to get out of its stall without help and was defective and absolutely worthless, that plaintiff returned said last-mentioned horse to defendant and defendant accepted same back, that plaintiff thereupon demanded defendant to provide him with another horse which was sound and all right in every way or repay him the sum of $75 so paid by plaintiff for said horse according to said promises and undertakings, but said defendant has not delivered said plaintiff any horse as promised by him and as undertaken by him to do or repaid the said $75 aforesaid, and therefore he brings suit."

It appears that later, and during the argument of the case, the following occurred:

"*Plaintiff's Counsel:* I desire to amend the declaration in this case to correspond with the proofs to put in damages for the breach.
"*Defendant's Counsel:* The case was not tried upon that theory at all, your honor.
"*Plaintiff's Counsel:* Yes, sir; it has been so tried. Now, I think it would hardly be fair to be deprived of that on account of the declaration varying somewhat from the proofs. I desire at this time to offer an amendment that would cover it. It could not work any hardship upon the defendant. I move to amend the declaration in the case to contain the following:

" 'And whereas heretofore, to wit, on or about the 7th day of June, 1911, at the township aforesaid, in consideration that the plaintiff would buy from him (the said defendant) a certain horse at and for the sum of $75, he (the said defendant) then and there undertook and then and there faithfully promised and represented that said horse was sound and all right except that both eyes were blind. And that said plaintiff, relying upon said representation so made as aforesaid by the said defendant, purchased said horse for the sum of $75 and paid the said sum of $75 to the said defendant, relying upon said representations and guaranty of said horse so made as aforesaid. But that in truth and in fact the said horse was not sound and all right

except as to both eyes being blind but was otherwise defective and unsound and not all right in the fact that said horse was wind broken and absolutely worthless for the purpose for which the said plaintiff was buying said horse. By reason of which representations and the breach thereof the plaintiff has suffered great damage, to wit, $100.'"

This amendment was allowed over the objection and exception of defendant's counsel.

In its charge to the jury the court, among other things, said:

"Now, if you find in accordance with the claim of the plaintiff that the defendant warranted this horse to be sound in wind, and that it was not sound in wind (and that is the only fault which was alleged against the horse), if you find that the defendant warranted this horse to be sound in wind, and the plaintiff, relying upon that warranty, took the horse and discovered that it did not meet the requirements of the contract and returned it to the defendant, and that the defendant accepted it and turned over to him another horse to try out, and that he later returned this horse as not meeting the requirements, then the defendant would be liable upon his warranty and must respond to the plaintiff in such sum as the plaintiff has suffered by reason of this breach of warranty. Now the damages under the declaration which he would be entitled to recover would be: The difference between the value of the horse at the time he accepted it (that is, at the time of the bargain), the actual value of the horse, and what it would have been worth had the horse been as warranted. The plaintiff claims that such a horse would have been worth $125; that he gave $75 for it; and that he is entitled to get his money back and the profits."

The jury returned a verdict for the plaintiff in the sum of $125, and judgment was entered accordingly, with costs of suit. The defendant has brought the case here upon writ of error, and the assignments of error are as follows:

(1) That the court erred in permitting the question asked of the witness Isaac Stanton, above quoted, to be answered.

(2) That the court erred in its ruling, above quoted, following the question of defendant's counsel: "What do I understand, then, that their position is?"

(3) The court erred in permitting plaintiff's attorney, in his argument to the jury, to use without correction the remark above quoted concerning the witness Chavaneau.

(4, 5) The court erred in permitting the amendment that was allowed at the close of the testimony in the case, against the objection and exception of defendant's counsel, after admitting that there was no declaration on file in the cause.

(6) That the court erred in instructing the jury that the measure of damages in the action would be the difference between the value of the horse at the time plaintiff accepted it and what it would have been worth had the horse been as warranted, and that plaintiff was entitled to get his money back and the profits.

(7) The court erred in allowing the jury, under the testimony, to find a verdict for more than the sum paid by plaintiff for the horse, together with interest.

We will consider these assignments of error in their order.

(1) The question asked of the witness Stanton was objected to as incompetent and immaterial. In his brief defendant's counsel insists that it did not appear that the witness Stanton was qualified to speak upon the subject of the value of this second horse; that it was not shown that he knew the value of horses. We do not deem this testimony very material, as it had to do with the second horse which the jury must have found was returned to, and accepted back by, the defendant. We think, however, that defendant's counsel should be limited to the objection stated upon the trial, and we cannot say that the evidence was either incompetent or immaterial. We are of opinion that the court did not err in overruling the objection.

(2) As we have already stated, the ruling of the court here complained of was simply the statement of

the position and claim of the plaintiff, and the ruling was not excepted to by defendant's counsel, and therefore no question is presented to us upon this subject.

(3) The record does not disclose that the attention of the court was called to the argument of plaintiff's counsel with reference to the witness Chavaneau. The court was not asked to rule upon the matter, nor was its attention called to it by any request to charge. Under our repeated decisions no question is here raised for our consideration.

(4, 5) These assignments of error deal with the ruling of the court permitting the filing of the amendment to the declaration. An examination of the record shows that the case was tried upon the theory that the plaintiff had returned the blind horse because it did not comply with the warranty claimed; that plaintiff claimed the horse was worthless and was accepted back by the defendant; and that the plaintiff had suffered damages by reason of the breach of the contract. No objection appears to have been made to the introduction of this evidence. The plaintiff had testified, both upon direct and cross-examination, that had the horse been as represented it would have been worth the sum of $125. This question was submitted to the jury. Our statute of amendments (3 Comp. Laws, section 10268) is very broad and in the furtherance of justice has been liberally construed by this court. There was no request to postpone the case because of this amendment, and we think that under the circumstances such amendment was permissible. *Garnsley* v. *Boyce,* 158 Mich. 8 (122 N. W. 371).

(6, 7) We find no error in the charge of the court and are of opinion that the rule upon the subject of the measure of damages was properly stated to the jury.

Counsel for appellee urges that the assignments of error relating to the charge of the court should not be considered by us because no exception was taken

by appellant's counsel. Counsel has evidently overlooked our statute (section 10247, as amended by Act No. 52, Public Acts of 1901, 5 How. Stat. [2d Ed.] § 12960), which permits assignments of error upon the charge of the court, and upon refusals to charge, without taking exception thereto in the trial court.

A question argued by appellant's counsel in his brief but not covered by any assignment of error seeks to raise the point that the verdict and judgment, being for $125, exceed the *ad damnum* clause in the amendment to the declaration, which states plaintiff's damages to be $100, and that for this reason the judgment is erroneous. Bearing in mind that this case originated in justice's court, and that the return of the justice shows that plaintiff's damages were claimed to be $150, that the amendment allowed was simply an amendment to the declaration, and not a new amended declaration, and that the question of the amount of the *ad damnum* clause was nowhere called to the attention of the court, but that the trial proceeded on the theory that the plaintiff was entitled to recover his damages by reason of the breach of the contract of warranty under which his damages had been claimed to be $125 at least, and that such excessive judgment would at the most merely be erroneous, there being no assignment of error upon the subject, we must decline to pass upon that question.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.