CASE v. RUDOLPH WURLITZER CO.

1. PLEADING — DECLARATION — COUNTS — ELECTION — INCONSISTENT CLAIMS.

On the trial of an action of assumpsit based upon the claim that plaintiff's assignor had a special contract with defendant for a percentage of such business as he might procure from the sale of musical instruments, where plaintiff included a count in her declaration upon a special contract and joined therewith the common counts in assumpsit, the court did not err in refusing to require plaintiff to elect upon which theory she would go to the jury.

186 Mich.—6.

2. CONTRACTS — COMMISSIONS — EXPRESS CONTRACT — QUANTUM MERUIT.

> Plaintiff was entitled to have the case submitted to the jury upon evidence tending to show that he was a musical instrument dealer in the section in which he resided; that defendant secured information from him which led to the sale of certain musical instruments to persons known to the plaintiff, and although the jury found against plaintiff's claim that an express contract of agency for the exclusive handling of defendant's goods was in existence between the parties, evidence that plaintiff was the procuring cause of the sale and defendant knowingly accepted and availed itself of his services sufficiently sustained the verdict of the jury.

3. SAME—IMPLIED CONTRACTS—COMPENSATION.

> The law will ordinarily imply a contract to pay a full and reasonable compensation to one who was the procuring cause of a sale and of whose services the vendor knowingly availed himself.

4. TRIAL—ARGUMENT—OPENING OF COUNSEL.

> Although plaintiff's counsel was not justified in his opening statement to the jury in making an argument that he was not asking a verdict because his client was a woman and the defendant a corporation, and though in arguing his case to the jury he improperly referred to an assignment or writing made by an alleged agent to plaintiff in which it was stated that the commission due him was $1,000, the alleged errors were not so prejudicial as to require the reversal of the judgment in plaintiff's favor.

5. EVIDENCE—CONTRACTS—SECONDARY EVIDENCE.

> Objections on the part of defendant that preliminary negotiations and correspondence were offered by plaintiff and received in evidence tending to show the execution of a contract and that the court erred in allowing secondary evidence of the contents of the alleged special agreement between the parties because of insufficiency of the proofs of its loss, were not fatal when the finding of the jury awarded the sum plaintiff was entitled to recover under the common counts, instead of under his claim of a special contract, thereby rendering the objections untenable and the error, if any, harmless.

Error to Berrien; Bridgman, J.   Submitted January 27, 1915.   (Docket No. 116.)   Decided June 7, 1915.

Assumpsit by Ada Case against the Rudolph Wurlitzer Company for commissions earned by plaintiff's assignor. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cady & Andrews*, for appellant.

*John J. Sterling*, for appellee.

KUHN, J.   The plaintiff is the widow and assignee of B. R. Case, who was formerly the proprietor of a retail music store in St. Joseph, Mich., and the defendant is a manufacturer of automatic musical instruments, with its principal offices at Cincinnati, Ohio.   It appears that in November, 1905, Case wrote a letter to the defendant, and thereto received a reply offering Case the exclusive sale in his section of certain goods manufactured by them.   It is the claim of the plaintiff that as a result Case and the defendant entered into a written contract in November, 1905, in which it was provided that Case should have the exclusive right to sell all Wurlitzer goods within Berrien county, on a basis of 20 per cent. commission on the list price in the catalog.   It is claimed that this contract was executed in duplicate, and that the copy retained by Case was lost.   The defendant denies that any such contract was ever executed or ever existed.

In April, 1906, William C. Broadwell, who was defendant's agent for Michigan, came to St. Joseph, and called on Case, and inquired of him whether he knew of any prospective purchasers of automatic band organs.   Case spoke of Drake & Wallace, who were in the amusement business, and took Broadwell down and introduced him to them.   As a result Drake &

Wallace purchased a military band organ, for which service Case received a commission. In the summer of 1906, Broadwell again called on Drake & Wallace, and interested them in an instrument which was to be used for dancing, and took them to Cincinnati in February, 1907, with the result that they purchased an instrument for which they paid $2,754; the list price being $3,400. It is the claim of the plaintiff that this instrument was listed in the catalog in the year 1905, at the time it is claimed the contract was signed, at $5,000, and suit was brought by plaintiff for 20 per cent. commission on this list price of $5,000. On the trial of the case a verdict was rendered by the jury in the sum of $360.35, upon which judgment was duly entered, and the defendant brings the case here by writ of error.

In the plaintiff's declaration there is found a special count, based on the express contract, and there are also found the common counts. The case was submitted to the jury upon the theory that the plaintiff might recover either on the special count on the contract, in which case the plaintiff would be entitled to 20 per cent. commission on the list price, or under the common counts, on the theory that, if it was found that plaintiff's assignor was the procuring cause of the sale, the plaintiff would be entitled to recover the usual and customary rate of commission, which in the instant case, it was testified to, was 10 per cent.

It is clear, from the amount awarded plaintiff by the jury, that the claim of the plaintiff under the special count of the declaration was entirely disregarded, and that the amount allowed plaintiff was the 10 per cent. commission on the price paid for the instrument and interest thereon. It is the contention of the appellant that under the facts in this case the plaintiff could recover only upon the contract relied upon in the declaration, and that the defendant's re-

quest to require the plaintiff to elect between the special count and common counts, which was denied by the court, should have been granted; that there is no proof of any agency between the parties, excepting by virtue of the contract; and, the jury having found against the existence of any such contract, that there is nothing in the record upon which to base the verdict arrived at. We do not think that this position of the appellant is tenable. The defendant strenuously disputed the existence of such a contract, and the question of fact thus brought into issue was determined by the jury against the plaintiff. In the case of *Hathaway* v. *Vaughan*, 162 Mich. 269 (127 N. W. 337), cited by the appellant, the existence of an express contract was not disputed, and it was held that the existence of an express contract executed upon both sides precludes recovery upon an implied contract relating to the same matter. Here, however, the existence of the contract was in dispute, which clearly distinguishes the case before us from the case just referred to.

We think that there was enough evidence in the case to submit the question to the jury as to whether or not Case was the procuring cause of the sale and the defendant knowingly accepted and availed itself of his services, and it is well settled that under such circumstances the law will imply a promise to pay a fair and reasonable compensation therefor. 15 Am. & Eng. Enc. of Law (2d Ed.), p. 1083; 40 Cyc. p. 2808. It is admitted by Broadwell, defendant's agent, that Drake & Wallace were secured by Case as a customer in the first instance, and he received a commission for his services on that sale. The plaintiff testified that her husband had worked up and solicited the second sale. Taking into consideration, also, the correspondence had, we think there was no error in submitting this question to the jury.

Error is assigned upon the following proceedings at the opening of the trial:

"During Mr. Sterling's opening statement to the jury the following proceedings were had:

"*Mr. Sterling:* One other word, in view of the fact that counsel interrogated you, gentlemen, about a woman and a corporation: I do not stand here asking a verdict at your hands, if the evidence warrants it, or does not warrant it, because the defendant is a corporation organized under the laws of the State of Illinois—

"*Mr. Cady:* We do not think that is a proper opening remark, and take exception to it.

"*Mr. Sterling:* My client asks you to render a verdict for her—

"*Mr. Cady* (interrupting): We do not think that is a proper opening, and take exception to it.

"*Mr. Sterling:* I do not care to comment on his exception. He has a right to take those.

"*Mr. Cady:* Let's have a ruling on it.

"*The Court:* I see no serious objection to the opening, Counsel.

"*Mr. Cady:* Take an exception.

"*Mr. Sterling:* After the evidence is in, if the facts warrant it, we ask a verdict at your hands, not because my client is a woman, not because the defendant is a corporation and organized under the laws of some other State than this, but ask a verdict at your hands because of the fact that the defendant is indebted, justly indebted, to my client, regardless of who they are or where they hail from."

Error is also assigned upon the argument of counsel to the jury in referring to the assignment to plaintiff by her assignor, which is as follows:

"There is a paper taken at B. R. Case's house, when he was staring the open grave in the face; died three weeks later; knew he had to die; never got out of his bed afterwards. On the 9th of March he put his signature to that paper, but not until he had read it and indicated that it was more than $500 commission, that it was $1,000, and before he signed it those words 'five hundred' were scratched out, and the figures

$1,000 put over the top of them in ink, and it is the same ink with which he signed his name."

Error is assigned, also, upon other parts of the argument; but upon objection thereto the court did not rule, nor was an exception taken, which raises no question for our consideration. *Patterson* v. *Gore,* 177 Mich. 591, 599 (143 N. W. 643). While we do not approve of plaintiff's counsel calling attention in his opening to the fact that his client was a woman and the defendant a foreign corporation, we do not think it can be said to have been prejudicial error in the instant case. Neither do we think that the argument of counsel complained of, while undoubtedly improper, can be said to have been prejudicial. The fact is not in dispute that an assignment was made to the plaintiff by her assignor, and the argument complained of related solely thereto. We are not satisfied that the argument contributed to the result in this case. *Houser* v. *Carmody,* 173 Mich. 121, 135 (139 N. W. 9); *City of Kalamazoo* v. *Paper Co.,* 182 Mich. 476 (148 N. W. 743).

It is also contended that the court erred in admitting in evidence over the objection of counsel the circular letter sent by defendant to Case, because it appears conclusively that this letter was written prior to the contract, and that it would be conclusively presumed that the contract itself contained all prior terms of agreement. It is also claimed that the court erred in allowing secondary evidence of the execution and contents of the contract, because sufficient proof was not offered as to its being lost before such secondary evidence was admitted. However meritorious these claims may be, we are not impressed that they can have much force at the present time, for the jury's verdict was not based upon an express contract, and, if there was error in connection therewith, it must be said that it was error without prejudice.

The case having been properly submitted to the jury, and no prejudicial error being found in the record, the judgment is affirmed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.