MAHDER v. WAX.

1. APPEAL AND ERROR—NEW TRIAL—SAVING QUESTIONS FOR REVIEW —EXCEPTIONS.

Where the trial court denied the motion for a new trial without filing his reasons therefor, and no exceptions were taken, the question is not open for review in this court. 3 Comp. Laws 1915, § 12635.

2. ACTION—ASSUMPSIT—FRAUD—JOINDER OF COUNTS—PLEADING—
   ELECTION OF COUNT.

  Where plaintiff complained of defendant in a plea of tres-
    pass on the case upon promises, his declaration containing
    four special counts and also all the common counts in
    assumpsit, he could not be required to elect upon which
    counts he sought a verdict because in the special counts
    he used the words fraud and deceit, as, under section
    10421, 3 Comp. Laws, an action of assumpsit may be
    brought to recover damages caused by fraud or deceit.

Error to Ottawa; Cross, J. Submitted June 23,
1916. (Docket No. 120.) Decided July 21, 1916.

Assumpsit by Samuel Mahder against Joachim Wax
for an amount due on the sale of certain land. Judg-
ment for plaintiff. Defendant brings error. Affirmed.

*Corie C. Coburn* and *Charles Misner,* for appellant.

*Louis H. Osterhous,* for appellee.

MOORE, J. This case was commenced by the filing of
a declaration containing four special counts and also
all the common counts in assumpsit. The plaintiff
claims the special counts were in assumpsit. The de-
fendant pleaded the general issue with notice that a
settlement had been made and a receipt given and also
gave notice of other defenses. The case was tried
before a jury. Upon the trial plaintiff admitted the
parties agreed upon a settlement of their differences
and that a receipt was given, but insists it was on the
defendant's promise to pay the amount agreed upon
the next day, which promise was never fulfilled. A
motion was made that plaintiff be required to elect
upon which counts he sought a verdict. This motion
was overruled. The court stated fully to the jury the
claims of the parties and charged them that the burden
of proof was with the plaintiff, not only to establish

his case affirmatively, but to explain the giving of the receipt. The testimony was very conflicting. The jury found a verdict in favor of the plaintiff in the sum of $575. A motion was made for a new trial and was overruled. The case is brought here by writ of error.

We will first take up the last assignment of error, which is that the court erred in not granting a new trial. The record does not show that the trial judge filed his reasons for denying the motion, nor does it show that exceptions were taken. The question is not open for review here on this record. See section 10504, 3 Comp. Laws (3 Comp. Laws 1915, § 12635); *Hotchkiss* v. *Weinmann-Matthews Co.,* 175 Mich. 652 (141 N. W. 568), and authorities cited therein.

The most important assignment of error is stated by counsel as follows:

" 'The court erred in refusing to compel plaintiff to elect upon which counts he desired to proceed to trial and to go to the jury.' * * * Upon reading the declaration it is obvious there are actions *ex contractu* and *ex delicto* under the different counts. The law is well settled in this State that a plaintiff cannot under one count seek to recover in assumpsit, and under another on a case of fraud. They cannot be joined. 1 Green's Michigan Practice, p. 406· *Dillon* v. *Craig,* 168 Mich. 216 (132 N. W. 1041)."

A reading of the various counts does not lead us to the conclusion of counsel. It is true that plaintiff states what he claims to be the facts in the special counts and makes use of the words deceit and fraud, but he complains of the defendant in a plea of trespass on the case upon promises. We have a statutory provision reading:

"In all cases where, by the fraudulent representations or conduct of any person, an injury has been or shall be produced, either to the person, property or rights of another, for which an action on the case for fraud or deceit may by law be brought, an action of

192 Mich.—31.

assumpsit may be brought to recover damages for such injury." Section 10421, 3 Comp. Laws (3 Comp. Laws 1915, § 12350).

A decision quite in point is *Case* v. *Rudolph Wurlitzer Co.*, 186 Mich. 81 (152 N. W. 977).

The other assignments of error have been examined, but do not call for discussion.

Judgment is affirmed, with costs to plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.