CONTINENTAL BANK *v.* GREAT LAKES WESTERN REFINING CORPORATION.

1. Bills and Notes—Notice of Dishonor—Question For Jury.
   In an action on a note, where plaintiff bank introduced certificate of protest by a notary who was its assistant cashier and who testified that notice of dishonor was sent to defendant, indorser, but the latter denied receiving it, an issue was raised for the jury; plaintiff's witness not being disinterested.

2. Appeal and Error—Issue Not Raised in Trial Court Not Considered on Review.
   In an action on a note, defendant's claim that the note had been altered after delivery may not be considered by the Supreme Court, where he did not raise the issue in the circuit court nor deny execution under oath (Circuit Court Rule No. 33).

Error to Wayne; Collingwood (Charles B.), J., pre-

siding.  Submitted June 19, 1928.  (Docket No. 10, Calendar No. 33,514.)  Decided July 24, 1928.

Assumpsit by the Continental Bank against the Great Lakes Western Refining Corporation, James F. Leahy, and others on a promissory note.  Judgment for plaintiff on a directed verdict.  Defendant Leahy brings error.  Reversed.

*Frank I. Kennedy* (*Donnelly, Hally, Donnelly & Munro,* of counsel), for appellant.

*Anthony Maiullo,* for appellee.

FEAD, C. J.  Plaintiff had verdict of a jury, by direction of the court, against all the defendants, in an action of assumpsit on a promissory note for $2,000, due May 10, 1923, executed by the Great Lakes Western Refining Corporation as maker and the other defendants as indorsers.  Defendant Leahy alone made defense and here seeks reversal on the ground that the testimony raised issues of fact for the jury.

Plaintiff introduced certificate of protest of the note on its due date by Samuel A. Petty, notary public, then assistant cashier of plaintiff and still connected with it, although the plaintiff bank is undergoing liquidation.  The certificate recited due mailing of notice of protest to Leahy at his business address. Petty testified that he "sent" Leahy notice of protest. Leahy denied having received such notice.  As Petty was not a disinterested notary and witness, Leahy's denial of receipt of the notice raised an issue of fact upon whether notice of dishonor had been duly addressed and mailed.  *First National Bank* v. *Star Watch Case Co.,* 187 Mich. 224; 8 C. J. p. 1035.

Defendant's claim that the note had been altered after delivery to plaintiff cannot be here considered as he did not raise the issue in the circuit court nor deny execution under oath.  Circuit Court Rule No.

33; *Ensign* v. *Fogg*, 177 Mich. 317.   Leahy further claimed that the note had been discharged by a renewal note, not bearing his indorsement, accepted by plaintiff in payment of the original.   The testimony on both sides was uncertain and discussion would be profitless in view of the opportunity afforded by a new trial to produce the books of the plaintiff bank or the officers who. handled the transaction to show its history.

Judgment reversed, with costs to defendant Leahy, and new trial ordered.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.