THE FIRST-MECHANICS NATIONAL BANK OF TRENTON,
A NATIONAL BANKING CORPORATION, PLAINTIFF, v.
EMMA C. NIEDT, MARGUERITE NIEDT RIEMANN,
MADOLYN NIEDT, FRANK A. HAZEN AND EDWARD
C. NIEDT, DEFENDANTS.

Decided September 3, 1930.

OLIPHANT, S. C. C.  This matter comes before the court, sitting as a Supreme Court commissioner, on a motion to strike out the answer of the defendant Hazen on the ground that the same is frivolous.  The only question raised by the pleadings is whether or not notice of dishonor was duly given the defendant, an endorser, by the plaintiff, the holder of the note sued on.

Plaintiff claims due notice of dishonor was given the defendant by the deposit of a notice of protest in the mails and supports this contention by affidavits.  The defendant denies the receipt of any notice.

The denial of the receipt of the notice through the postal authorities clearly raises a question of fact which must be decided by a jury and not by the court on a motion to strike. *South Side Trust Co.* v. *Lamb,* 57 *Pa. Sup. Ct.* 645; *Continental Bank* v. *Great Lakes, &c., Corp.,* 220 *N. W. Rep.* 668; *Union Bank of Brooklyn* v. *Deshel,* 123 *N. Y. Supp.* 585. The mailing of the notice raises a presumption of its receipt. *Liberty Title, &c., Co.* v. *Sweeten,* 8 *N. J. Adv. R.* 295.

Even though the court be well satisfied with the justice of plaintiff's demand, it must allow the jury to pass upon the

facts raised. In every case where the issue depends upon the determination of facts, the existence of which is not admitted, the jury, and not the court, must determine them. *Schmidt* v. *Marconi*, 86 *N. J. L.* 183.

The motion to strike the answer will be denied.