### MORTGAGE & CONTRACT CO. v. LINENBERG.

1. VENDOR AND PURCHASER—LAND CONTRACTS—FORECLOSURE—PARTIES—MORTGAGES.

In proceedings to foreclose land contract, vendee, who entered into said contract to purchase the property for others, is not entitled to have them held as vendees and she treated as their mortgagee; rule that deed given as security is mortgage having no application to issues presented in instant case.

2. SAME.

Where vendee's son and wife were not parties to land contract, although vendee was purchasing property for them, vendor was under no obligation to make them parties to foreclosure proceedings.

3. GUARANTY—VENDOR AND PURCHASER—NOTICE OF VENDEE'S DEFAULT AS CONDITION PRECEDENT TO FORECLOSURE SUIT.

Where there was no provision in land contract for notice of default before foreclosure suit or before acceleration, and no such provision in contract guaranteeing vendee's payment by vendor, who assigned her interest, guarantor was not entitled to notice of default as condition precedent to instituting foreclosure proceedings.

4. SAME—WANT OF NOTICE OF DEFAULT—DAMAGES—BURDEN OF PROOF.

In proceedings to foreclose land contract and hold guarantor liable for balance due under acceleration clause, burden was on guarantor to show loss, if any, caused by lack of notice of vendee's default.

5. SAME—EFFECT OF FAILURE TO GIVE TIMELY NOTICE OF DEFAULT.

Failure to give guarantor timely notice does not wholly vitiate contract of guaranty, but only releases guarantor who has been damaged by lack of notice *pro tanto*.

6. SAME—STARTING FORECLOSURE SUIT SUFFICIENT NOTICE OF DEFAULT.

Starting suit to foreclose land contract and serving process on guarantor of vendee's payments as party defendant is

On necessity of notice of default to bind guarantor, see annotation in 20 L. R. A. 257, 264.

sufficient notice of vendee's default to obviate necessity of further notice.

7. SAME—GUARANTOR'S LIABILITY UNDER ACCELERATION CLAUSE.

Provision in land contract that payments thereunder would be accelerated if proceedings were taken to enforce it in equity after default by vendee is binding on vendor who assigned her interest and guaranteed vendee's payments, and therefore she is liable in foreclosure suit to which she was made party for payments due under acceleration clause as well as for past-due payments, notwithstanding want of notice of vendee's default, in absence of showing that she was damaged thereby.

8. SAME.

Enforcing liability of vendee's guarantor under acceleration clause in land contract in no way changes terms of contract of guaranty, since acceleration clause is part and parcel of original contract.

9. SAME—LITIGATION BY GUARANTORS TO ESCAPE LIABILITY NOT ENCOURAGED.

Litigation by which guarantors seek to escape terms of their plain and positive contracts of guaranty, by means of which contracts they have negotiated guaranteed obligations for valuable consideration, ought not to be encouraged.

MCDONALD, SHARPE, and WIEST, JJ., dissenting in part.

Appeal from Wayne; Cutler (Hal L.), J. Submitted January 6, 1932. (Docket No. 36, Calendar No. 35,808.) Decided October 3, 1932.

Bill by Mortgage & Contract Company against Pauline A. Linenberg and Josephine M. Obenauer to foreclose a land contract and for a deficiency decree. Cross-bill by defendant Linenberg against plaintiff and others to declare an equitable lien. Cross-bill by defendant Obenauer against defendant Linenberg for money decree. From decree rendered, defendants appeal. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Peck & Armstrong,* for defendant Linenberg.

*Arthur E. Brown,* for defendant Obenauer.

Wiest, J. (*dissenting*). Josephine M. Obenauer owned certain premises. Arthur H. Linenberg and his wife, Cora, desired the premises for their home, but were unable to make the payment required for purchase on land contract. Pauline A. Linenberg, mother of Arthur, entered into a land contract under which she became the purchaser. The contract provided for monthly payments and contained an acceleration clause. Josephine M. Obenauer conveyed the premises and assigned the land contract to plaintiff company with the following guaranty:

"I hereby guarantee that the vendee therein named or her assignees will faithfully perform said contract and make all payments which fall due therein."

Default in payments was made, acceleration exercised, and the bill herein was filed to foreclose the land contract and obtain a decree for deficiency, if any, against both Pauline A. Linenberg and Josephine M. Obenauer.

Defendant Pauline A. Linenberg, by answer and cross-bill, brought in Arthur and Cora Linenberg and asked for a decree holding that Arthur and Cora were the vendees in fact and that she have an equitable lien on the property for the money she had paid the vendor.

Josephine M. Obenauer, by answer, denied liability under the guaranty for more than the monthly payments in default, pleaded misjoinder of parties, and, by cross-bill, prayed relief against Pauline

A. Linenberg for any sum required of her under the guaranty.

The court found the amount due on the land contract as accelerated, and adjudged Pauline A. Linenberg liable as vendee and Josephine M. Obenauer liable as guarantor for the full amount thereof, decreed sale of the property, and provided that if any part of the deficiency was collected from Josephine M. Obenauer she should be entitled to "an assignment from the plaintiff of a like portion of said deficiency judgment as against defendant Pauline A. Linenberg and defendant Josephine M. Obenauer shall have execution thereof against defendant Pauline A. Linenberg."

Josephine M. Obenauer and Pauline A. Linenberg both review by appeal.

In behalf of Mrs. Linenberg we are urged to hold that her son and his wife are the vendees in the land contract and she stands in the relation of their mortgagee. Cases holding that a deed given as security is a mortgage as between parties have no application to any issue here presented. The relation of mortgagor and mortgagee between the Linenbergs might be declared without at all affecting Mrs. Linenberg's liability to plaintiff.

Arthur and Cora Linenberg were in possession of the premises, and Mrs. Linenberg claims they should have been made parties to the foreclosure. They were brought before the court by Mrs. Linenberg under her cross-bill. They were not parties to the land contract, and plaintiff was under no obligation to make them parties in the original bill.

The guaranty of Josephine M. Obenauer cannot be extended beyond its plain terms. The land contract called for monthly payments of not less than $75, and required full performance within 10 years

from and after the first day of June, 1926. The bill herein was filed March 1, 1930, and the decree was entered March 13, 1931.

The proofs in this case were taken before a circuit court commissioner and the decree was entered upon the findings of fact by the commissioner and approval of his conclusions of law.

The commissioner in his report stated:

"I find that on January 25, 1928, plaintiff sent a letter to defendant Josephine M. Obenauer advising her that Pauline A. Linenberg was then in default under the said land contract, and calling the attention of said Josephine M. Obenauer to her guaranty thereof. I further find that the contract became in default as set forth in the bill of complaint on or about May 10, 1929, and has remained in default ever since, but that the plaintiff, the Mortgage & Contract Company, the present holder of the title and vendor's interest in said land contract, did not give any additional notice to defendant Josephine M. Obenauer hereunder, of such default until on or about the time of the commencing of this action to establish the vendor's lien in the same."

We do not find any subsequent notice of default. In his conclusions of law the commissioner stated:

"I further find that the plaintiff was not obliged to give Josephine M. Obenauer any notice of the default of said vendee."

The undertaking by the guarantor was subsequent to the contract fixing the obligation of the vendee and founded upon a separate consideration. The obligation of the vendee to pay was not the primary obligation of the guarantor. Her obligation was collateral to and contingent upon default in payment by the vendee, and, being secondary, she was en-

titled to notice of default and an opportunity to protect herself by payment.

In the language of Mr. Justice Story in *Douglass* v. *Reynolds,* 7 Pet. (32 U. S.) 113:

"By the very terms of this guaranty, as well as by the general principles of law, the guarantors are only collaterally liable, upon the failure of the principal debtor to pay the debt. A demand upon him, and a failure on his part to perform his engagements, are indispensable to constitute a *casus fœderis.*"

Defendant Obenauer was entitled to notice of default before the suit against her. *Palmer* v. *Schrage,* 258 Mich. 560.

When a payment became due under the land contract, and the vendee was in default, the plaintiff had the option to call upon Mrs. Obenauer for payment thereof or to take proceedings in equity to enforce the contract, and, if it exercised the latter, then, according to the terms of the land contract, it might declare the entire amount owing thereon to be due from and payable by the vendee, for such is the land contract provision. The remedy against the guarantor, however, would arise only after notice of default on the part of the vendee and demand upon her for payment.

Defendant Obenauer is in a court of equity and must abide equitable relief.

If defendant Obenauer pays all sums now in default within 20 days after this opinion is filed the decree should be reversed, with costs to her. Otherwise the decree should stand affirmed, with costs to plaintiff.

McDONALD and SHARPE, JJ., concurred with WIEST, J.

North, J. I am in accord with the opinion of Mr. Justice Wiest except that portion wherein he holds that Mrs. Obenauer's guaranty of payment does not apply to the amount due plaintiff under the acceleration clause of the contract being foreclosed. In that holding I cannot concur. While a former notice of the vendee's default had been given to Mrs. Obenauer by plaintiff, the record does not show that she was given notice of the defaults which led to this foreclosure. My Brother's decision is based, as he states, upon the proposition that:

"Defendant Obenauer was entitled to notice of default before the suit against her." Citing *Palmer* v. *Schrage,* 258 Mich. 560.

There is no provision in this land contract for notice of default before suit or before acceleration, nor is there any such provision in Mrs. Obenauer's guaranty of payment. And I find no authority for holding that in such case either the vendee or the vendee's guarantor is entitled to notice as a condition precedent to instituting foreclosure proceedings. The case of *Palmer* v. *Schrage,* cited in my Brother's opinion, does not so hold. Instead, we there held, quoting syllabus:

"Guarantors of payments on land contract are liable notwithstanding want of prompt notice of vendee's default, in absence of showing that they were damaged by delay in giving said notice."

In the instant case Mrs. Obenauer does not make the claim, nor could she do so under this record, that she was damaged in consequence of plaintiff not having given her notice of the vendee's default in making the monthly payments between May 10, 1929, and March 1, 1930, when the bill of complaint herein was filed, or May 19, 1930, when the bill was amended, or even as late as May 26, 1930, when

process was served on Mrs. Obenauer. There is no persuasive testimony in this record as to the extent, if at all, that this property depreciated in value during that period, or that Mrs. Obenauer could have saved herself from loss had she been notified of the vendee's default more promptly than she was by the bringing of this suit against her. The burden was on Mrs. Obenauer to show her loss, if any, was caused by lack of notice.

"In action on contract guaranteeing vendees' payments on land contract, defense of delay in giving defendants notice of vendees' default is affirmative defense, and therefore burden of establishing their damage, if any, is upon defendants." *Palmer* v. *Schrage* (syllabus), *supra.*

It scarcely seems necessary to refer again to our recent decision in the *Palmer Case,* where the authorities are cited holding that failure to give a guarantor timely notice does not wholly vitiate the contract of guaranty, but only releases a guarantor who has been damaged by lack of notice *pro tanto.* In the instant case it is not claimed in behalf of Mrs. Obenauer that since there was lack of notice she should be released *pro tanto* because of proof of resultant damage to her; and no authority is cited in her brief, nor have I found any elsewhere, holding that (in the absence of an express provision therefor) notice of default is a prerequisite to a suit to enforce a contract of guaranty. Instead, the law in guaranty cases seems to be that notice is not a prerequisite to bringing suit; instead, it is a requisite to keeping the guaranty in full force in those cases where failure to give notice results in loss or damage to the guarantor. Surely starting a foreclosure suit and service of process on the guarantor as a party defendant is sufficient notice of the vendee's default to obviate necessity of a further notice.

My Brother's quotation from *Douglass* v. *Reynolds,* 7 Pet. (32 U. S.) 113, is not relevant. It is not at all to the point that notice to a guarantor of his principal's default is a prerequisite to bringing suit against the guarantor, which is the controlling proposition in Justice Wiest's opinion. Instead, the quotation is to the effect that "guarantors are only collaterally liable," and that a demand upon the guarantor's principal (in this case the vendee) and his failure to perform his contract engagements, "was indispensable to constitute a *casus foederis.*" Neither of these statements is in conflict with the proposition to which we are writing, namely, that under the facts in this case it was not a condition precedent to bringing suit that plaintiff should notify the guarantor of her principal's default.

Further, casual reference to this contract discloses that it could not be held that notice of default was a condition precedent to acceleration by the vendor. Instead, it is provided in the contract that the payments thereunder are accelerated "if proceedings are taken to enforce the contract in equity after default by the purchaser." Giving notice of default would not have accelerated the payments, because, as appears from the above-quoted portion of the contract, it is provided that "proceedings * * * in equity" are the means by which acceleration is effected. Mrs. Obenauer bound herself by this provision of the contract when in her guaranty of payment, which was a part of her assignment of the contract to plaintiff, she stipulated:

"And I hereby guarantee that the vendee therein named or her assignees will faithfully perform said contract and make all the payments which fall due therein."

It would seem rather illogical to hold, as does my Brother's opinion, that, notwithstanding she was not given notice before suit of the vendee's defaults, Mrs. Obenauer is liable to plaintiff under the above-quoted guaranty of payment for the amounts past due and unpaid under the provisions of the contract for payment of monthly instalments and for payment of taxes; and at the same time to hold that because of failure to give such notice she is not liable to plaintiff for the payment due under the acceleration clause of the same contract. If notice is a prerequisite to suit on the one phase of this contract, it would seem it should also be held to be a prerequisite to suit on the other. There is no proof nor is the claim made in behalf of Mrs. Obenauer that she will be more burdened by compliance with her obligation under the acceleration clause than by paying under the instalment provisions of the contract. And it may well be questioned whether she could be heard in making such a claim because the plaintiff has the right to terminate its contract relations with a defaulting vendee who has not "faithfully performed said contract" as Mrs. Obenauer guaranteed. It is asserted in Mrs. Obenauer's brief that to hold this guaranty applicable to the acceleration clause "is to require this defendant to answer on an entirely different liability than the one which she signed." But in this connection it.should be noted we have held that enforcing liability under an acceleration clause in no way changes the terms of the contract. *Union Trust Co.* v. *Detroit Motor Co.,* 117 Mich. 631. The acceleration clause is part and parcel of the original contract.

When Mrs. Obenauer sold this contract to plaintiff she knew that she passed to it the right to declare the full unpaid portion of the contract due

forthwith upon default in the payment of one or more of the instalments by vendee. This is the right that plaintiff exercised, and thereupon under the terms of the contract the whole of the unpaid portion of the purchase price became due and payable; and Mrs. Obenauer's guaranty that the vendee would' "faithfully perform said contract" included payment under this acceleration clause just as much as it included payment of the monthly instalments. One was just as clearly included in the land contract as the other and just as essential to its "faithful performance." Both were plainly covered by Mrs. Obenauer's guaranty. And in passing it may be noted that the undisputed testimony is that plaintiff would not have purchased this contract without this guaranty of Mrs. Obenauer. Plaintiff not only purchased the vendor's interest in the contract, but it also purchased the vendor's guaranty of payment; and Mrs. Obenauer, having guaranteed that the vendee in the contract "would faithfully perform said contract," should be held bound by the plain terms of her guaranty, which included performance or payment of the contract under the acceleration clause in case plaintiff so elected upon the default of the vendee. If Mrs. Obenauer desired notice of the vendee's default as a condition precedent to her being held liable under the acceleration clause or as a condition precedent to suit on her guaranty it should have been so provided in the contract of guaranty itself. Litigation by which guarantors seek to escape the terms of their plain and positive contracts of guaranty, by means of which contracts they have negotiated the guaranteed obligations for a valuable consideration, ought not to be encouraged. The court has no right or power to modify this contract for Mrs. Obenauer's benefit

and against the interest of plaintiff by holding it does not apply to the acceleration clause.

The decree of the circuit court is affirmed, with costs to appellee.

Clark, C. J., and Potter, Fead, and Butzel, JJ., concurred with North, J.